## Hilke *versus* Eisenbeis.

1. Under the Act of March 20th 1810 (Purd. Dig. 849), allowing a tenant to defalcate or set off his just account against his landlord's claim for rent, before a justice of the peace, the landlord may appeal to the Common Pleas from the judgment of the justice.

2. The proviso in the Act " that no appeal shall lie in the case of rent, but the remedy by replevin shall remain as heretofore," applies to the tenant only, and not to the landlord.

November 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October Term 1883, No. 167.

This was, in the court below, an appeal by Louis Eisenbeis, agent, and Maggie Eisenbeis, defendants, from the judgment of a justice of the peace in favor of Louis Hilke, the plaintiff, for $104. The facts were as follows : Louis Eisenbeis, agent, leased to Hilke certain premises in Federal street, Allegheny city, at an annual rental of $600. He claimed there was due him for rent in arrear on July 1st 1880, $104, issued a landlord's warrant therefor, and levied on Hilke's personal property. Hilke applied by petition to Alderman Edgar under the Act of March 20th 1810 § 20 (Purd. Dig. 849), setting forth the damages he had sustained by reason of Eisenbeis' breach of a covenant to repair the dwelling, and claiming to defalcate the same against the claim for rent. Eisenbeis was duly served with a summons issued in pursuance of this petition, and after hearing, the justice of the peace allowed Hilke a set off to the full amount of the claim for rent, viz. $104, and judgment was entered accordingly. Eisenbeis appealed to the court of Common Pleas No. 1, and at the trial, before COLLIER, J., the plaintiff (Hilke) moved to dismiss the case on the ground that it being an action or claim for rent, no appeal lay from the justice ; and, the motion being refused, requested the court to charge that under the Act of March 20th 1810, no appeal is allowed. The court refused so to charge, and instructed the jury to determine what amount, if any, Hilke was entitled to set off against Eisenbeis' claim for rent.

Verdict for defendant, Eisenbeis, for $44.41, and judgment

[Hilke v. Eisenbeis.]

thereon, whereupon Hilke took this writ of error, assigning for error the refusal of the court to dismiss the appeal, the answer to the above point, and the charge of the court as above stated.

*Robert Robb* and *Alex. M. Watson*, for plaintiff in error.— By the Act of March 20th 1810, the jurisdiction of the justice was extended "so far as to compel the landlord to defalcate or set off the just account of the tenant;" having done this, his duty was discharged. He cannot enter judgment for the amount set off, or issue execution thereon against either party, nor find an amount due the tenant, if the set off exceeded the landlord's claim. He can merely enter a judgment or decree that the tenant is entitled to so much of a set off and direct the officer having the warrant to allow that amount and collect the balance. The tenant cannot appeal, but to him "the remedy by replevin shall remain as heretofore." The landlord cannot appeal, but he may disregard the decision of the justice and either "waive further proceedings before the justice and pursue the method of distress in the usual manner for the balance so settled," or he may proceed and collect the entire amount of his claim, being responsible in damage only in case he shall collect a greater sum than is justly due to him. By the Act of March 20th 1845, § 3 (Purd. Dig. 859), the defendant is given the right of appeal in all cases where it is permitted to the plaintiff. If the plaintiff could appeal, so could the defendant. Thus the summary process of collecting rent by distress would be at an end. The construction of the Act of 1810 has never been before this court, so far as we have been able to discover. In Sheed v. Wartman, 4 Yeates 237, by a divided court an appeal was refused, but that was an action of covenant brought before a justice for the recovery of rent and not a proceeding to defalcate, and was under an Act of March 1st 1799, 3 Smith Laws 355. In Ingersol v. Gibbons, 1 Brown 69, the court of Common Pleas of Philadelphia held, that the plaintiff could appeal but that the defendant could not. This was an action of covenant for rent under the Act of 1799, and neither of the above cases have any direct application to this case. Both decisions were before the passage of the Act of 1810.

*L. L. Davis*, for defendants in error.—In Kessler v. McConachy, 1 Rawle 435, it was decided that the proceeding under this Act before the justice is a suit between the parties, where their rights are adjudicated, and that the decision of the justice is a judgment at law. If, then, there is no appeal under this Act, whichever way the landlord may turn, either on his warrant of distress, or by resorting to any common law remedy,

[Hilke *v.* Eisenbeis.]

he is estopped from going into the merits of his case before a jury by the judgment of the justice. The provision that " the landlord may waive further proceedings before the justice," can certainly raise no other inference than this, that if the landlord does not choose to waive further proceedings and pursue the method of distress, he may do something else before the justice in the line of the pending proceedings. It cannot be argued, that the landlord must resort to some other remedy. The Act is speaking of the particular proceedings before the justice, and if the landlord waives further proceedings before the justice, he takes a certain course marked out in the Act; but if he does not waive further proceedings before the justice, he can then do one of two things—either have judgment entered for the balance settled and have execution thereon, or have an appeal taken—either of which is in the line of further proceedings before the justice. On the first of these questions, in Sheed *v.* Wartman, 4 Yeates 237, the court was evenly divided ; the last we have not been able to discover has ever been decided by this court.

Chief Justice MERCUR delivered the opinion of the court, January 7th 1884.

This case originated before a justice of the peace, under section 20 of the Act of 20th March 1810, entitled an Act to amend and consolidate with its supplements the Act entitled " An Act for the recovery of debts and demands not exceeding one hundred dollars before a justice of the peace and for the election of constables, and for other purposes." Section 1 of the Act prescribes the general jurisdiction of justices of the peace in civil cases, and declares certain classes of cases to be excepted therefrom. Section 20 declares that " the powers of justices of the peace shall extend to all cases of rent not exceeding one hundred dollars, so far as to compel the landlord to defalcate or set off the just account of the tenant out of the same ; but the landlord may waive further proceedings before the justice, and pursue the method of distress in the usual manner for the balance so settled ; but if any landlord shall be convicted after such waiver, in any court of record, of distraining for, and selling more than the amount of such balance, and of detaining the surplus in his hands, he shall forfeit to the tenant four times the amount of the sum detained : provided that no appeal shall lie in the case of rent, but the remedy by replevin shall remain as heretofore."

The language of this section is indefinite and obscure. Very little aid is given in its construction by the adjudged cases. A previous Act, almost in the same language, was before this court for consideration, in Sheed *v.* Wartman, 4 Yeates 237,

[Hilke v. Eisenbeis.]

and the court was equally divided in their opinions as to the effect of the proceeding before the justice. This section of the Act of 1810 was before this court, to determine the effect of the justice's decision, in Kessler v. McConachy, 1 Rawle 435. The action was replevin. The court held, by three to two, that the record of the justice, who had decided that no rent was due to the landlord, was admissible as prima facie evidence of the fact of no rent in arrear.

The section does not direct the justice to enter any judgment, nor does it authorize him to issue any process to enforce his decision. We must ascertain the meaning of the language used from the apparent purpose and spirit of the section. Certain portions of it are reasonably clear. Thus, if a landlord has a claim for rent not exceeding one hundred dollars, which he is about to proceed to collect by distress, and the tenant has a just account against his landlord, not exceeding the amount of rent due, the tenant may, by a proceeding before a justice, procure a decision as to the just amount of his account that his landlord should apply on the rent in arrear. When the justice has so decided, then the statute declares, the landlord may waive further proceedings before the justice, and pursue the method of distress. If it is optional with the landlord to waive further proceedings, it follows that he may elect not to waive them. If, then, he decides to pursue the proceedings further, he cannot do it otherwise than by an appeal from the decision of the justice. To hold otherwise, would be to declare that the section gave him a right without providing any means for asserting it. His right of appeal is therefore necessarily implied. The rights and privileges granted to the landlord, and the obligations and forfeitures imposed on him having been stated, the provisions contained in the proviso appear applicable to the tenant only. The reserved right of the remedy by replevin clearly applies to him only; and, connected as the language is, with a denial of the right of appeal in the case of rent, it manifestly refers to the same person. The main purpose of this limited and restricted jurisdiction, was not to submit to the justice to find how much rent was in arrear to the landlord; but what amount of the tenant's account should be deducted from, or set off against, the rent. In case of a failure to sustain his claim before the justice, the law gave him no right of appeal from that decision; but still left open to him the right to pursue his remedy by replevin as heretofore. Conceding that the decision of the justice, unappealed from, may be considered prima facie evidence of the facts by him found, yet as to this we now express no opinion, nevertheless, that concession does not change the construction we put on the language giving the landlord a right of appeal. It follows, the learned judge com-

mitted no error in refusing to dismiss the appeal of the defendants in error.

Judgment affirmed.