## Kruczaj v. Komar

*John E. McDonough*, for plaintiff.

*James A. Cochrane*, for defendant.

FRONEFIELD, P. J., May 27, 1935.—This is a rule to show cause why an attachment execution should not be set aside because it attaches money, which, it is claimed, is exempt from execution. Whether this is the proper procedure is not questioned.

On March 15, 1935, the plaintiff entered a judgment against Jennie Komar on a bond with warrant of attorney to confess judgment, and assessed the damages in the sum of $858.35. The præcipe avers that the other obligor on the bond is deceased. On the same day an attachment execution was issued on the judgment, so entered, and the Delaware County National Bank was summoned as garnishee on March 16, 1935. The defendant

was not summoned. On March 20, 1935, interrogatories were filed, with rule to answer them in 15 days.

On March 29, 1935, the defendant presented her petition to the court praying that a rule be granted on the plaintiff to show cause why the attachment issued in the above case should not be set aside and all proceedings to stay meanwhile, whereupon a rule was granted as prayed for, with a stay of proceedings.

The petition for said rule avers, after reciting the issuing of the attachment and its service, that the petitioner is the widow of Wasyl Komar who died December 24, 1934, and the mother of two children, one aged four years and the other born after the death of the father; that for some years previous to the death of Wasyl, he had been employed at the South Chester Tube Company and was a member of a group insurance plan in which the defendant was the beneficiary, for the sum of $1,000; that the insurance company under said group insurance plan paid on January 8, 1935, to Jennie Komar, the beneficiary, the amount of said policy; that the amount was deposited in the savings account of the Delaware County National Bank and that the proceeds from said group insurance are exempt from attachment under the Act of May 17, 1921, P. L. 682, as amended by the Act of April 26, 1929, P. L. 785. The plaintiff answers the said petition, after admitting the correctness of the first paragraph that the attachment execution was issued and served, that he has no knowledge of the averments made in the other paragraphs thereof and denies that the acts referred to apply to the case. On April 5, 1935, the garnishee answered the interrogatories averring that it has on deposit the sum of $800 in the name of the defendant and that the defendant has filed a petition praying that the attachment execution be set aside and all proceedings stay, upon which a rule was granted with a stay of proceedings.

The case was set down for argument on April 29, 1935, and on May 6, 1935, the plaintiff and defendant filed a

stipulation that: (1) The insurance maintained by the South Chester Tube Company on the life of Charles (or Vassily) Komar was group insurance; (2) Jennie Komar was named as beneficiary in the policy upon the life of the deceased; (3) the insured died and the insurance company paid the defendant $1,000; (4) the $800 in the hands of the garnishee is a part of the proceeds of such insurance and it is so deposited by Jennie Komar.

It is clear by the answers that the plaintiff is entitled to a judgment against the garnishee unless the acts of assembly which are cited exempt the fund from the execution.

It is contended by the defendant that section 418 added to article IV of the Act of May 17, 1921, P. L. 682, by an amendment in the Act of April 26, 1929, P. L. 785, exempts this money from the execution of the plaintiff. This section provides:

"No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of such employee, or his beneficiary, or any other person, who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts."

The plaintiff argues that to make the proceeds of the policy exempt from attachment, etc., they must be paid "to any employee or employees thereunder," and were not here so paid.

This argument takes the clause mentioned into that part of the act which provides that "No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to . . . be seized, taken . . . or applied by any legal or equitable process or operation of law to pay any debt or liability of

such employee, or his beneficiary, or any other person, who may have a right thereunder, either before or after payment".

This construction would make meaningless that part of the act which takes care of a beneficiary named in the policy, by providing that to exempt her money it must be paid, not to her, but to the employe himself. This exemption act would then defeat its own purpose by first exempting the proceeds to a beneficiary named, or to any other person who may have a right under the policy, and by then taking away its exemption by providing it must be paid to the employe himself.

We do not so read the act, though it is somewhat ambiguous, but the intention of the legislature seems plain that the proceeds of group insurance shall be protected from attachment, etc., when paid to the employe or his named beneficiary or where no beneficiary is named.

Where acts are ambiguous or are couched in language which is susceptible of two interpretations the courts follow that construction which carries out the purpose for which the act was passed: Sproul v. Murray, 156 Pa. 293.

In Hilke v. Eisenbeis, 104 Pa. 514, at page 517, it is stated: "We must ascertain the meaning of the language used from the apparent purpose and spirit of the section."

In Quinn v. Fidelity Beneficial Assn., 100 Pa. 382, an act authorized suits to be brought against fire insurance companies in the county where the insured property was located. Another act was passed declaring that the provisions of the former act should apply to life and accident insurance companies. The court said: "While the legislative intention is not as clearly expressed as it might have been, we have no doubt the supplement was intended to authorize suits to be brought against life and accident insurance companies in the county where the person insured resided".

See Citizens Electric Illuminating Co. v. Lackawanna & Wyoming Valley R. R. Co., 255 Pa. 176; Commonwealth, ex rel., v. City of Wilkes-Barre et al., 258 Pa. 130.

The legislature is presumed to have intended what is reasonable and effective and not what is productive of absurd and anomalous consequences.

In The Howard Association's Appeal, 70 Pa. 344, it is stated that: "It is a cardinal rule, that all statutes are so to be construed as to sustain rather than ignore them; to give them operation if the language will permit, instead of treating them as meaningless". See Commonwealth v. Forrest, 170 Pa. 40.

Where an ambiguous term or an elliptical phrase is used in a statute, the court will, in construing the same, have regard to the object and spirit of the act: City of Philadelphia v. The Ridge Avenue Passenger Ry. Co., 102 Pa. 190; Lancaster County v. Lancaster City, 160 Pa. 411.

The acts exempting property from execution are founded on public policy and to prevent those who are unfortunate from having their property swept away from them and their families.

The plaintiff asks how long will the money be kept exempt from attachment as an argument that it was not the legislative intention to exempt property in the hands of a beneficiary from execution. When that question directly arises, it will have to be answered, and a note in 19 L. R. A. 33 may assist in its solution.

The legislative intent in the act is that: (1) The proceeds of group insurance when paid under the policy, to an employe shall not be liable to attachment, etc.; (2) the proceeds of such insurance before or after payment shall not be seized, etc., to pay a debt of an employe or his beneficiary, or of any other person who may have a right under the policy; (3) the proceeds, when not payable to a named beneficiary, shall not constitute a part of the estate of the employe for the payment of his debts.

216

And now, May 27, 1935, the attachment of the money deposited in the Delaware County National Bank, in the name of the defendant or in the name of Jennie Komar Kobrick, is hereby set aside.