Charles Smith, Surviving Partner of the Firm of Jungerich & Smith, v. Edwin F. Shoenberger, Appellant.

176    95
f 210  343

*Judgment—Presumption of payment—Evidence—Declarations.*

On a scire facias to revive a judgment more than twenty years old, where the defendant relies on the presumption of payment growing out of the lapse of time, declarations of the defendant tending to show that the judgment had not been paid are admissible in evidence, and their persuasive value is for the jury to determine.

Submitted May 20, 1896. Appeal, No. 128, July T., 1895, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1892, No. 29, on verdict for plaintiff. Before WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias to revive judgment. Before BRUBAKER, J.

From the record it appeared that on November 23, 1868, a judgment was entered in the court of common pleas of Lancaster county at the suit of Jungerich & Smith v. Edwin F. Shoenberger in open court for the plaintiff and against the defendant, for want of an appearance for $6,848.57. This judgment was obtained upon a sci. fa. to revive a judgment for $4,068.71, entered on August 21, 1857, to August term, 1857, No. 421, which was a revival of August term, 1852, No. 250, the original judgment being $3,154—entered upon a confession of judgment single bill.

The judgment of 1868 remained on the docket undisturbed until May 17, 1892, when the death of Mr. Jungerich was suggested, and Charles Smith, the surviving partner—plaintiff in the suit below and appellee here—was substituted as plaintiff.

On July 5, 1892, an alias sci. fa. was issued on the judgment

to revive it. There was a return of nihil habet, and on August 20, 1892, judgment was entered for want of an appearance against the defendant for $16,604.35. On September 22, 1892, however, a petition was presented to open the judgment and allow an appearance to be entered, for the reason that when the judgment was taken there was no affidavit nor evidence before the court to overcome the presumption of payment. A rule was granted, and, after testimony taken, the judgment was opened. Plaintiff then filed a statement; defendant made an affidavit of defense; issue was joined, and the case came on for trial on April 22, 1895.

The plaintiff was permitted to testify under objection and exception that the defendant had asked him within the last five years what he would take to settle the judgment; that Jungerich went out of the firm in 1877 and died in 1883. [1]

He was also permitted to testify under objection and exception that Jungerich was not actively engaged in the business of the firm since 1871. [2]

The court charged in part as follows:

[But we have some evidence here in this case which I am obliged to submit to the jury, and that is the evidence of Mr. Smith when he stated to you that the defendant, Mr. Shoenberger, within the last five years approached him twice—once in his office and once on the street—and endeavored to make an arrangement of settlement of this claim. If this be true—and it is for the court to say whether it is sufficient for the jury to base a verdict upon, and I say it is—if it be true, then it is your duty to render a verdict in favor of the plaintiff for the amount claimed in this case.] [3]

Verdict and judgment for plaintiff for $17,685.53. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) above instructions, quoting them.

There were no oral arguments, but the case was submitted on paper-books.

*Thomas A. Gummey, J. Hay Brown* and *W. U. Hensel,* for appellant.—The evidence to rebut presumption of payment after twenty years must be satisfactory and convincing: Gregory v. Com., 121 Pa. 611; Sellers v. Holman, 20 Pa. 323.

In Webb v. Dean, 21 Pa. 129, WOODWARD, J., it was held that a less period than twenty years in connection with persuasive circumstances may be submitted to the jury as ground of a presumption in fact: Ross v. M'Junkin, 14 S. & R. 364; Power v. Holman, 2 Watts, 218; Tilghman's Executors v. Fisher, 9 W. 442; Reed v. Reed, 46 Pa. 239.

*W. M. Franklin* and *John G. Johnson*, for appellee.—Presumption of payment arising from the lapse of facts from which it might fairly be inferred that the debt has not been paid: Griffith's Est., 14 W. N. C. 486; Eby v. Eby, 5 Pa. 435; Breneman's App., 46 Leg. Int. 89; Reed v. Reed, 46 Pa. 239.

PER CURIAM, May 28, 1896:

The several assignments of error in this case really raise but one question, and that is the sufficiency of the evidence to justify its submission to the jury. The plaintiff's judgment was more than twenty years old. The defendant relied on the presumption of payment growing out of the lapse of time. The plaintiff attempted to rebut this presumption by the declarations of the defendant tending to show that it was not paid. This evidence was pertinent. Its persuasive value was for the jury to determine. We see no error in its admission or in the manner of its submission, and the judgment is affirmed.