A. Rose & Son, Inc., to use, *v.* Zurich General
Accident, etc., Co., Appellant.

Argued December 7, 1928.  Before Moschzisker, C. J.,
Frazer, Walling, Simpson, Kephart, Sadler and
Schaffer, JJ.

*Ward C. Henry,* with him *Paul D. Zentmyer,* for appellant.—The provision in an indemnity insurance policy to the effect that, in case of the bankruptcy or insolvency of the insured, an action may be brought direct against the insurance company issuing the policy by the claimant, is not enforceable in the State of Pennsylvania: Grim v. Iron Co., 115 Pa. 611; Adams v. Kuehn, 119 Pa. 76; Delp v. Brewing Co., 123 Pa. 42; Sweeney v. Houston, 243 Pa. 542; First M. E. Church, to use, v. Isenberg, 246 Pa. 221.

This suit in the name of the assured to the use of the claimant could not be maintained in an attempt to enforce a provision of the policy giving the claimant the right to bring suit direct against the company in the event of the insolvency or bankruptcy of the insured.

*Frank J. Eustace, Jr.,* with him *Wilson & McAdams,* for appellee.—An express provision in an indemnity policy for suit by claimant on insolvency of the insured is enforceable in Pennsylvania: Case y. Dunmore, 23 Pa. 93; Feierman v. Life Ins. Co., 279 Pa. 507; Krebs v. Life Ins. Co., 249 Pa. 330.

If we assume for the moment, that the claimant may not enforce this clause, it is yet not to be held invalid, but the promisee may enforce it; this is properly done by a suit to the use of the claimant, as in the present case. That such a suit may be brought by the use-plaintiff without assignment is clear: Coffey, to use of White, v. White, Ex., 14 W. N. C. 108; Foster v. Fox, 4 W. & S. 92.

An action in the name of the insured to the use of claimant is proper to enforce such a provision: Fritz v. Heyl, 93 Pa. 77; Phila. v. Stewart, 195 Pa. 309; Wilmarth v. Mountford, 8 S. & R. 124.

Opinion by Mr. Justice Kephart, January 7, 1929:

This case calls for a more detailed explanation of what was intended to be included in the exception mentioned in Greene Co. v. Southern Surety Co., 292 Pa. 304, 311, where "life insurance policies and mortgage clauses in fire insurance" were mentioned as cases in which it has been universally held that a third party beneficiary could sue. It is not to be supposed that there is any particular virtue in the terms "life insurance," or "fire insurance," or that these were used in an exclusive sense. The reasons for sustaining a third party beneficiary action in such cases should be available for insurance policies generally.

Lillian Dickson, injured by Rose & Son's truck, recovered a judgment of $6,000 for the damages sustained. Rose & Son had protection by the defendant, an insurance carrier, in the sum of $5,000, the policy reading: "against loss from the liability imposed by law upon the Assured for damages on account of bodily injuries." It also contained the further provision: "G.G. The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the term of this policy, but in case of such insolvency or bankruptcy an action may be maintained by the claimant against the company subject to the terms of this policy." Averring that Rose & Son was insolvent, Miss Dickson instituted an action in the name of Rose & Son, to her use, under this clause, to recover the amount of the judgment from the insurance company. The court below sustained the action. The insurance company claims (1) that its policy is one of indemnity and an action on it could not be maintained until the indemnitee had paid the judg-

ment; (2) that claimant is a third party beneficiary and has no right of action directly or indirectly to sue the company because of her damages, and paragraph G.G. did not enlarge her right in this respect; (3) that in any case, suit cannot be in claimant's name.

No right of action accrues, in a simple contract of indemnity, until the indemnitee has suffered a loss against which the covenant runs. The party protected cannot recover until he has actually been damnified. But, though the present policy was "to indemnify the insured against loss," paragraph G.G. broadens the normal effect of these words. It has the effect of making it similar to a mortgagee clause in an insurance policy as discussed in Knights of Joseph B. & L. Assn. v. Mechanics' Fire Ins. Co. of Phila., 66 Pa. Superior Ct. 90; Trustee B. & L. Assn. v. Liverpool, London and Globe Ins. Co., 93 Pa. Superior Ct. 242. By the words "insolvency or bankruptcy do not release the company from payment......, but an action may be maintained by the claimant," the contract clearly recognizes indemnity alone was not intended; if loss was made certain by suit, as required by the contract, yet, as the insolvency or bankruptcy of the insured might defeat the purpose of the hazard either through payment to him directly or to his trustee or assignee, it was no doubt because of this possibility the right to recover under the policy was in positive terms transferred from the insured to the claimant.

The transfer of the right was not solely for claimant's benefit. The judgment was a continuing liability against the insured, even though not paid. The policy was to protect this form of liability, and it was to insured's interest to see this purpose would not be defeated. The insurance company was to respond when that liability was lawfully imposed. The insured could sue the company, or, if they became bankrupt or insolvent, the claimant could sue the company. The latter circumstance would not add the slightest to the insurance company's burden, as it embraced every element of liability

created by the contract. The indemnity feature, therefore, does not affect claimant's right of action if it was otherwise permissible.

Insurance contracts generally, as related to third party beneficiaries, are in a class by themselves. An action may be maintained directly thereon against the insurer. Whether the right is created by the agreement, or arises when the event happens which the contract contemplates, or is imposed directly or indirectly as a matter of public policy by statute, there is little difference in practical conception, and certainly none in their legal effect. The beneficiary may sue. Take away this right and insurance passes out as a protection not only to property rights, but to the security of estates and the general welfare of that great part of society which in some form or other use it or are its beneficiaries. It should not require an extended discussion to establish, at least its great merit, and none to sustain its legality. It has been stated that cases of this character depend on the nature of the policy as a mercantile instrument (1 Williston, Contracts 699, section 368), having their own rules. We have held, without question, in this State in a host of cases, that the beneficiary in insurance contracts may sue directly, nor is there good reason to exclude contracts like the one before us from the rule. The clause C.G. was for the benefit of the injured claimant.

It may be that the insurance company recognized there might be some liability over, either presently or by future legislation, as did the insured, and for the legal protection of both this provision may have been written into the contract generally, but there can be no doubt that what the parties did had the effect of making the claimant's right of primary importance. His rights may be deeper than a mere third party's right to sue, and may involve the necessity of the insurer's ascertaining whether the claimant's damages have been paid before settling with insured.

While the claimant is uncertain until an accident happens, that event fixes legal responsibility, as to person, time and place. The clause may be likened to a policy of life insurance in which the beneficial interest is payable to the estate of deceased. In such a case it cannot be known until death who the beneficiaries may be, whether heirs, creditors or legatees; but the fact no person is named is immaterial. It also bears some similarity to contracts giving the insured the right to change the beneficiary, or a mortgagee clause in fire insurance, where loss, if any, is payable to the mortgagee.

While automobile public liability insurance is of recent origin, we hold its beneficiary clause is no different in legal effect from that of the ordinary life insurance or mortgagee insurance contract. It has been so held in other jurisdictions where the question has been presented, whether under a statute, or where no such statute exists. See Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 Pac. 12; Parker v. London Guarantee & Accident Co., U. S. Dist. Ct. E.D. Pa., March Term, 1926, No. 12218; Merchant's Mutual Ins. Co. v. Smart, 267 U. S. 126.

Appellant further objects to the institution of suit in the name of the legal plaintiff to the use of the claimant. Whether or not suit is brought in the name of the claimant is immaterial so far as defendant is concerned. In fact, it is to the interest of defendant that all parties be brought on the record. While the contract gives a direct right of action to the claimant, the manner in which the present suit was instituted was proper. The legal plaintiff here shows an interest from the fact that a judgment within the policy has been recovered against him, and, as he is the promisee named in the instrument, he would have a substantial right to have his obligation discharged. That this right is transferred to another does not destroy his right to have performance under the contract; hence he may be made a party. The authorities cited by appellant construing bond cases, and others of

212

like nature, do not apply; they have been considered in the Greene County Case, and we need not go over that ground again.

Judgment affirmed.