Truex, to Use, *v.* Pennsylvania Manufacturers' Assn. Cas. Ins. Co., Appellant.

Argued December 12, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Clarence Balentine,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellant.

*Stanley F. Coar,* with him *C. S. DeLaney, E. A. DeLaney* and *David J. Reedy,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:
This action in assumpsit was brought under a policy

of insurance containing an Omnibus Coverage Clause. It provided that if the automobile covered by the policy was used with the express or implied consent of the assured or of an adult member of his household, the insurance should inure to the benefit of any person riding in the automobile.

The affidavit of defense averred that on May 4, 1932, James Truex and Eloise Paul attended a social gathering held at the house of Donald Bassett, the owner of the car. Late in the evening, Miss Paul expressed her intention of going home. Mrs. Bassett gave Truex permission to use the car for the specific purpose of taking Miss Paul to her home, a distance of about four city blocks. When Truex and Miss Paul reached the latter's home, they decided to take a drive in the loaned car and started in the opposite direction, with Forest City, Susquehanna County, a number of miles distant, as their destination. An accident occurred en route and Miss Paul was severely injured. She instituted an action against Truex, and obtained a verdict in the sum of $1,375. Subsequently, this suit was brought against the present defendant, based on its refusal to pay the judgment recovered against Truex. Judgment was entered below for want of a sufficient affidavit of defense.

The appellee, as did the court below, relied mainly upon the case of Dickinson v. Maryland Casualty Co. (Conn.), 125 A. 866, to sustain her judgment. In the very recently decided case of Powers et al. v. Wells et al., reported in 115 Pa. Superior Ct. 549, 176 A. 62, the facts were somewhat dissimilar to those in the case at bar, but the principles involved were the same in that case. We refused there, as we do now, to follow the Dickinson case, for reasons which we quite fully discussed and which need not now be repeated. It clearly appears here, as in the Powers case, that at the time of the accident the car was not being used with

the consent of the owner or an adult member of his household, if we accept as true the averments in the affidavit of defense, and that is all we are now considering.

Permission to drive to a designated place four blocks away did not give authority to drive some miles distant in the opposite direction. This was not a slight deviation. It was a radical departure—an entirely new and different use than was averred to have been granted.

We think the affidavit of defense was sufficient to prevent judgment.

Judgment is reversed with a procedendo.