Ferguson, Appellant, *v.* Manufacturers' Casualty
Insurance Company of Philadelphia

Argued October 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *Charles A. Woods, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 17, 1937:

This action in assumpsit was brought on a policy of automobile liability insurance issued by the defendant, insuring M. J. Melia and any others operating the automobile described "with the permission of the Named Assured."

On April 2, 1929, during the policy term, Thomas Melia received possession of the car from his brother, the insured, for the purpose of driving the latter's family from Crafton to Gimbel's store in Pittsburgh, where they arrived about one o'clock, and then to go to a place on Fifth Avenue, about ten blocks distant, on his personal business. He was to return and pick up the family in about an hour. Instead of going back directly to Gimbel's, he drove with three other boys to McKeesport, and while returning to Pittsburgh about seven o'clock in the evening, he became involved in an accident near Wilkinsburg, six miles from Pittsburgh.

The plaintiff sued the driver, Thomas Melia, for damages caused by the accident, and the attorneys for the insurance company, as a "courtesy," took charge of the case. Before so doing, Thomas Melia and the insurance company entered into a reservation of rights agreement, which set forth that at the time of the acci-

dent Thomas Melia was operating the car without consent of the owner, M. J. Melia; that Thomas Melia had requested the company to continue with its attorneys in the defense of the case, but that it was to be strictly understood that such action was not to be interpreted as any waiver of any defense under the terms of the policy; that "any act or statement of any representative of the Company shall not be considered as an assumption of liability nor as any waiver of company's right under the policy or to operate as an estoppel against the Company's assertion of any such rights in any litigation which may be brought by any one against the Company to recover under said policy for loss or expense arising out of said accident."

The plaintiff, on December 18, 1931, obtained judgment, by default, in the sum of $1,275. The judgment remaining unsatisfied, plaintiff, on March 31, 1933, instituted the present suit directly against the defendant carrier, claiming that the policy indemnified Thomas Melia as an insured within the permissive use clause. Defendant filed an affidavit of defense, alleging, inter alia, that plaintiff could not maintain the suit directly against the company, that the suit would be barred by a 90-day limitation of action clause in the policy, reading as follows:

"*No action* shall lie against the Company to recover upon *any claim* or for *any loss* under this Policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain, either by final judgment. ...... In no event shall any such action lie unless brought within ninety (90) days after the right of action accrues as herein provided." (Italics supplied.) Defendant further alleged that Thomas Melia was not an insured within the meaning of the policy, having admittedly violated the limits of the permissive use.

The court below directed a verdict for defendant upon the latter ground, and plaintiff appealed.

The pleadings and the arguments of counsel raise the following questions for consideration:

1. May this suit be maintained against the defendant under the policy which contained no insolvency clause or any other language permitting plaintiff to sue?

2. Is the plaintiff barred from recovery in this action instituted some sixteen months after the entry of the judgment against Thomas Melia under a policy requiring the suit to be brought within ninety days after the right of action accrues?

3. Is the permissive use provision in the policy applicable to the facts in this case?

4. Did the insurance company in supplying a courtesy defense under the reservation of rights agreement estop itself against claim of liability under the terms of the policy?

These issues will be discussed in the above order.

(1) The authorities are in agreement that in the absence of a statute or a policy provision on which such right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured: 6 Blashfield, Automobile Law §4071; Huddy on Automobiles, vol. 14, §310, p. 419; 8 Couch, Cyc. of Ins. §1175d. Statutes exist in many other jurisdictions permitting suit directly against the insurer. Our Act of May 24, 1933, P. L. 987, sec. 1 (40 PS §117) provides that all policies thereafter written must contain a clause providing that the insolvency or bankruptcy of the insured shall not release the insurer, and stating that the injured person may, upon the bankruptcy or insolvency of the insured, or upon a return of execution unsatisfied, maintain an action against the insurer for the amount of the judgment, not exceeding the amount of the policy. This statute, however, has no bearing on matters now at issue, as this policy was issued, and the cause of action, if any, accrued, long prior thereto. Irrespective of any

such statute, where the policy itself permits suit, under certain circumstances, the injured creditor may be considered a third party beneficiary entitled to maintain the action.

Recovery was allowed in *Rose & Son, Inc. v. Zurich Gen. Acc. Co.*, 296 Pa. 206, 145 A. 813, and *Graham v. U. S. Fid. & Guar. Co.*, 308 Pa. 534, 162 A. 902. In the former, the policy contained an insolvency clause permitting suit; in the latter, the policy gave the injured party the right to maintain an action after return of execution unsatisfied.

No case has been referred to in the briefs, nor has our research disclosed any in this jurisdiction or any other, where a judgment was obtained directly against the insurer, in the absence of an insolvency clause or provision in the policy, or circumstances from which it could be clearly inferred that the claimant was intended as a third party beneficiary. While the rights of third parties, not privy to the contract, have been considerably extended by the recent decisions of the Supreme Court in *Com. v. Great American Indemnity Co.*, 312 Pa. 183, 167 A. 793, overruling *Greene County v. Southern Surety Co.*, 292 Pa. 304, 141 A. 27, nevertheless there must be found some intention to create in the third party an enforceable right. The right of materialmen and subcontractors permitted to sue upon the contractor's surety bond is permitted upon the interpretation that the surety promises to pay laborers and materialmen in case of default by the contractor.

If this plaintiff has any remedy, it is by issuing an attachment execution, naming the insurance carrier as garnishee: *Moses v. Ferrel & Indemnity Co. of America*, 97 Pa. Superior Ct. 13; *Johnson v. Hermann, Jr. et al.*, 101 Pa. Superior Ct. 198.

(2) Assuming, but not conceding, the right of the plaintiff to maintain this present suit, she is confronted with the 90-day limitation of action clause contained

in the policy, upon which the action is founded. As between the parties to the contract, the clause is valid and enforceable, even though it sets a period shorter than the statute of limitations, providing such time is not unreasonably short: *Collins v. Home Ins. Co. of N. Y.*, 110 Pa. Superior Ct. 72, 167 A. 621; *Abolin v. Farmers Amer. M. F. Ins. Co.*, 100 Pa. Superior Ct. 433. As stated in 7 Couch, Cyc. of Ins. 1629:

"It is quite uniformly held that a provision of an insurance policy, limiting the time within which an action may be brought thereon, is not affected by the provision of a general statute of limitations, extending the time of the running thereon or fixing the time when such an action shall be deemed to be commenced." Where, however, the policy purports to restrict the limitation of action only to the assured, third parties suing thereunder are not thereby estopped. In *Graham v. U. S. Fid. & Guar. Co.*, supra, the policy provided: "No action by the *assured* shall lie ...... unless such action is brought within two years." (Italics supplied.)

In the case at bar, the limitation clause is not restricted to actions by the insured, but applies to all actions. The court in the Graham Case inferentially upheld such a restriction as to third parties, stating (p. 541):

"This provision does not put a limitation upon all actions on the policy, *as might well have been done* if that had been the intention of the parties, but it confines the restriction to action thereon by Alquist, the assured. There is nothing in the policy limiting in any way the time within which an action by the injured party must be begun." (Italics supplied.)

Such limitation of action clauses have been held in other jurisdictions to bar effectively actions on the policy by an injured third party. See *Matelsky v. Globe Indem. Co.*, 294 N. Y. S. 588, rev. 291 N. Y. S. 348; *Beck v. General Ins. Co. of America (Oregon)*, 18 P.

(2) 579. But *Koury v. Providence-Washington Co. (R. I.)*, 145 A. 448, and *McGhee v. Casualty Co. of America*, 15 Ohio App. 457, give some support to a contrary view.

In our judgment, the limitation provision in the policy bars the plaintiff's right to recover in this action.

(3) We will refer briefly to the third question in view of the position taken by the learned court below, which has some support in the decisions of this court in *Powers et al. v. Wells et al.*, 115 Pa. Superior Ct. 549, 176 A. 62, and *Truex, to use, v. Pa. Mfgrs. Ins. Co.*, 116 Pa. Superior Ct. 551, 176 A. 756. The later case of *Brower, to use, v. Emp. L. A. Co.*, 318 Pa. 440, 177 A. 826, while decided upon another point, inclines decidedly toward the view that when permission is given by the insured to another to operate his car for a specific purpose the insurance company is liable for a more extended use thereof when the operator's negligence results in injury.

(4) We think there is no merit to the plaintiff's contention that the insurers' counsel in participating in the defense of the action against Thomas Melia waived the benefit of any defense which it might have, as it gave notice of its reservation of all rights. We held in *Johnson v. Hermann, Jr. et al.*, supra, that a courtesy defense supplied under a non-waiver of rights agreement did not estop the company from denying liability on the policy. We there said (p. 205) :

"That the insurer caused the suit to be defended, as has been stated, was pursuant to an independent contract, which, though done, 'as a matter of business policy and courtesy to a policy holder' (in the words of the 8th answer) does not lay the necessary ground to support an estoppel as construed in Malley's case [297 Pa. 216]. For the same reason *Moses v. Ferril*, 97 Pa. Superior Ct. 13, is inapplicable."

The appeal in No. 108, April Term, 1938, involves

the same questions, and by stipulation of the parties the same judgment is to be entered as in this case.

The judgment in each case is affirmed.