Philadelphia Forrest Hills Corporation *v.*
Bituminous Casualty Corporation,
Appellant.

462

Argued March 23, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*David L. Steck,* with him *J. Grant McCabe, III,* and *Rawle & Henderson,* for appellant.

*Michael H. Malin,* with him *White and Williams,* for appellee.

OPINION BY SPAULDING, J., September 15, 1966:

On January 17, 1963, an unfinished house owned by Philadelphia Forrest Hills Corporation was damaged by fire as a result of the negligence of the T. R. Dry Wall Company, Inc., whose employes were working on the house at the time. Dry Wall was insured under a standard contractor's policy issued by the Bi-

tuminous Casualty Corporation. Shortly after the fire, Dry Wall and Bituminous agreed to an adjustment of damages in the amount of $685. This sum was paid by Bituminous to Dry Wall. The latter executed and delivered a policy release which purported to discharge Bituminous from all claims which might arise from the fire.

Forrest Hills instituted a suit in trespass against Dry Wall in the County Court of Philadelphia in September of 1963 and subsequently secured a verdict for $2390. In May of 1964, prior to the verdict, Dry Wall was adjudicated a bankrupt.

A separate suit was commenced in the Court of Common Pleas of Montgomery County by Forrest Hills against Bituminous and Bituminous alleged that it had discharged its obligation under the policy by its payment to the insured. Forrest Hills moved for judgment on the pleadings which was granted in the amount of $2390. Bituminous appeals.

The question before us is whether Forrest Hills has a right of action directly against Bituminous, despite the prior settlement between Bituminous and the insured, Dry Wall. The authorities are in agreement that in the absence of a statute or a policy provision on which such right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured. *Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia,* 129 Pa. Superior Ct. 276, 195 A. 661 (1937).

However, it is also recognized that "where the policy itself permits suit, . . . the injured creditor may be considered a third party beneficiary entitled to maintain the action". *Ferguson,* supra, at 280. Paragraph 13 of the insurance policy issued by the appellant to Dry Wall provides in pertinent part: "No action shall lie against the company . . . until the amount of the

insured's obligation to pay shall have been finally determined . . . by judgment against the insured after actual trial . . . . Any person or organization . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. . . . Bankruptcy or insolvency of the insured . . . shall not relieve the company of any of its obligations hereunder." This provision gives the plaintiff a contract right of action as a third party beneficiary directly against the carrier. *Ferguson,* supra, at 280.

The Act of May 24, 1933, P. L. 987, §1, as amended, 40 P.S. §117, authorizes direct actions against an insurance liability carrier in the event of the insolvency or bankruptcy of the insured. Although this section appears to be limited to personal injuries and "damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power", it does indicate a Pennsylvania policy in favor of protecting injured third parties in similar situations.

The appellant relies on the case of *Knight v. Red Ball Transit Co.,* 306 Pa. 371, 159 A. 715 (1932), which involved a policy of insurance issued to the transit company covering goods or merchandise lost or destroyed in the course of transportation. However, the insurance policy in this case contained no provision for the rights of third parties similar to paragraph 13 of the insurance policy in the instant case.

Appellant also refers to *Connecticut Wholesale Drug Co. v. New England Fire Ins. Co.,* 121 Conn. 514, 186 A. 551 (1936), in which a vehicle of a motor carrier caught fire and the goods aboard it were destroyed. The trucker's insurance company paid its insured $4786 for the damage and obtained a release from it. Thereafter, the drug company, owner of some of the damaged cargo, brought suit against the trucker and recovered a judgment of $2897. The Court held that

the payment by the insurer was a valid discharge of the company's obligation under the policy and was not a violation of plaintiff's rights. This reasoning does not apply here. The amount paid by the insurance company to the insured, nearly double that asked for by the drug company, was a clear indication of good faith and, like *Red Ball,* there was no policy provision for the protection of third parties.

We are aware that a judgment on the pleadings should be entered only where the right is clear and doubtful cases should be resolved against summary disposition. *Mather Estate,* 410 Pa. 361, 189 A. 2d 586 (1963) ; *Gedeon v. Shoup,* 171 Pa. Superior Ct. 92, 90 A. 2d 377 (1952). However, paragraph 13 of the insurance policy provides Forrest Hills with a direct right of action against Bituminous and justifies a judgment on the pleadings.

Judgment affirmed.