**Ernest PETTUS, Plaintiff,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, Defendant.**

**Civ. A. No. 70-67.**

United States District Court,
W. D. Pennsylvania.

Feb. 22, 1971.

Baskin, Boreman, Sachs, Gondelman & Craig, Pittsburgh, Pa., for plaintiff.

Jones, Gregg, Creehan, Graffam & Gerace, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action under the Jones Act, 46 U.S.C. § 688, and Maritime Doctrine of Unseaworthiness and for Maintenance and Cure. It is alleged in the Complaint that plaintiff, employed by the defendant in the capacity of a seaman, suffered personal injuries while engaged in assembling a fleet or tow of barges at defendant's loading dock located on the Monongahela River at Pittsburgh, Pennsylvania. An Answer was filed in due course. Several months later, defendant filed a Motion to Amend Answer to the Complaint, wherein it requested leave to assert the defense of limitation of liability of shipowners. This Motion is presently before the Court. Oral argument has been entertained, and, upon review of the pleadings, briefs and arguments of counsel, the Court concludes that the Motion should be granted.

In opposition to defendant's Motion to Amend, plaintiff does not assert any prejudice resulting from the failure of the defendant to plead the defense of limitation of liability but rather raises objections which may be characterized as objections to the sufficiency of the defense. Authorities are divided as to whether the legal insufficiency of a proposed amendment is a ground for denying leave to amend. 3 Moore's Federal Practice (2 ed.), § 15.08(4), p. 902. However, plaintiff merely would make a formal motion to strike or dismiss raising the same objections now presented, should the Court not consider these issues presently. Accordingly, the objections of plaintiff will be entertained at this time.

The statutory provision affording to shipowners the benefit of limitation of liability is Section 183 of Title 46, U.S.

C., which provides in pertinent part as follows:

"(a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

(b) In the case of any seagoing vessel, if the amount of the owner's liability as limited under subsection (a) of this section is insufficient to pay all losses in full, and the portion of such amount applicable to the payment of losses in respect of loss of life or bodily injury is less than $60 per ton of such vessel's tonnage, such portion shall be increased to an amount equal to $60 per ton, to be available only for the payment of losses in respect of loss of life or bodily injury. If such portion so increased is insufficient to pay such losses in full, they shall be paid therefrom in proportion to their respective amounts."

█ It is plaintiff's first contention that defendant may not invoke the aforesaid provision for the reason that plaintiff's injury occurred on a barge, which defendant asserts is not a "vessel" within the meaning of Section 183. Plaintiff relies upon Section 183(f) which provides that "as used in subsections (b), (c), (d) and (e) of this section * * *, the term 'seagoing vessel' shall not include * * * barges'." Concededly, a barge is not a "seagoing" vessel as that term is used in subsections (b), (c), (d) and (e) of Section 183.

Subsection (a), however, refers only to a "vessel," and it is clear that a barge may be a "vessel" within the meaning of that subsection. Authority for this conclusion is found in the express language of Section 188 of Title 46, U.S.C., which provides:

"Except as otherwise specifically provided therein, the provisions of sections 182, 183, 183b–187, and 189 of this title shall apply to all seagoing vessels, and also to *all vessels used on lakes or rivers or in inland navigation, including* canal boats, *barges,* and lighters." (Emphasis supplied.)

The same conclusion was reached in the case of In re Midland Enterprises, Inc., 296 F.Supp. 1356, 1360 (S.C.Ohio 1968), wherein the Court stated simply "a 'barge' may be a vessel. 46 U.S.C. § 183." See also 3 Benedict on Admiralty, 6th Ed., § 494, pps. 403–408.

A related issue is which of a number of vessels involved in the accident are properly to be regarded as "offending vessels" the value of which will limit liability. It is alleged in the Complaint that, at the time of the accident, plaintiff was standing on one of seven barges which were tied together as a fleet and which were moored to the deck. Plaintiff allegedly was attempting to fasten to the fleet an additional barge which was or had been brought downstream by defendant's tugboat "Aliquippa" when the accident occurred. Although the issue has been completely briefed by counsel for the respective parties, resolution of this issue must await a factual hearing wherein such matters as the ownership of the vessels, the existing contractual relationships, and, in particular, the role of the tugboat "Aliquippa" may be determined.

█ A further question has been presented as to whether a shipowner may seek a limitation of liability to the value of an offending vessel when it carries liability insurance on the vessel in an amount in excess of the value of the vessel, ascertained immediately after the accident. Section 183 of Title 46, U.S. C., provides no express exception to the right of a shipowner to limit liability to the value of the offending vessel in cir-

cumstances where the shipowner carries liability insurance in excess of the value of the vessel.

It would be difficult to read into Section 183 such an exception. The doctrine of limitation of liability is centuries old and antedates the institution of liability insurance. The advent and widespread use of maritime liability insurance suggests that a re-examination of the doctrine of limited liability might be warranted. However, Congress codified the doctrine in 1851 and then reconsidered and amended the codification in 1935, well after the advent of the institution of liability insurance, without providing any exception to the applicability of the doctrine where liability insurance is carried by a shipowner.

The Court is cognizant of those cases in which it has been concluded that the insurer of a shipowner, when sued directly by an injured third person under a direct action statute, may not assert the right of limitation of liability afforded to the insured shipowner. See, for example, Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954) and In re Independent Towing Company, 242 F.Supp. 950 (E.D. La.1965). However, such decisions have rested upon the premise that limitation of liability is a personal defense particular to the shipowner and, therefore, unavailable to the shipowner's insurer. In this action, the defendant is the shipowner and not its insurer.

The only case appearing to be directly on point is that of In re Pacific Inland Navigation Company, 263 F.Supp. 915 (D. Hawaii 1967). There, the owner of a tugboat sought limitation of liability for personal injuries sustained by its crew and property damage to a vessel owned by another resulting from a collision of the two vessels. The injured crewmen and the owner of the damaged vessel sought to require the tugboat owner to include within the limitation fund the maximum amount of the hull and machinery and public liability insurance carried on the tugboat. Denying the relief sought, the Court stated at 919:

"Questions involving the application of personal injury liability insurance have posed some perplexing problems. Suffice it to say that Hawaii does not have a direct action statute like Louisiana's, hereinafter mentioned. No authority is cited wherein this type of insurance has been held includable in the limitation fund in the absence of such a statutory provision.

\*    \*    \*    \*    \*    \*

It may be that there is a need to re-examine and liberalize the owner-oriented rules in this field, but this can more safely and adequately be accomplished by legislation based on nation-wide and international studies of the problem, and with provision for prospective application sufficiently in advance not to cause major disturbances in the whole field of marine insurance, rather than by chipping away piece-meal at the problem by occasional court decisions on a case-by-case basis."

■■ Under the law of Pennsylvania, an injured person has no right of direct action against the insurer of an alleged tortfeasor unless the applicable insurance policy or a statute creates such a right. Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp., 208 Pa.Super. 461, 222 A.2d 493 (1966); Ferguson v. Manufacturers' Casualty Ins. Co., 129 Pa.Super. 276, 195 A. 661 (1937). Plaintiff presently has no knowledge of the terms of the policies carried by defendant and the policies are not before the Court. Accordingly, the Court cannot presently determine whether the policies would create such a right.

The only Pennsylvania Statute providing for a direct action by an injured third party against the insurer of an alleged tortfeasor, the Act of May 24, 1933, P.L. 987, § 1, 40 P.S. § 117, is highly circumscribed and provides for such direct action only upon the bankruptcy or insolvency of the insured. These circumstances do not exist here.

**1082**

As in the case of In re Independent Towing Company, *supra*, the Court must reject here the contention that the defendant may limit liability only to the maximum amount of his liability insurance where that amount exceeds the value of the vessels in question. Pennsylvania, like Hawaii, does not provide for a right of direct action by an injured third party against the insurer of a tortfeasor in circumstances such as those present here. The question presented here is the right of the defendant shipowner to invoke the limitation of liability provisions of Section 183, not the right of his insurer to do so.

It is the personal opinion of this member of the Court that the doctrine of limitation of liability is an anachronism in this present day and age. The original objective of Congress in passing the Limitation of Liability Act of 1851 was to encourage investment in American shipping. By limiting the personal liability of the shipowner in the event of an accident where there is no "privity or knowledge," Congress sought to protect the shipping entrepreneur's capital investment from catastrophic loss in given circumstances.

Through maritime insurance, which is universally used by the shipping industry, the shipowner now secures for himself a similar measure of protection against catastrophic loss. As observed by Mr. Justice Black in his dissenting opinion in Maryland Casualty Co. v. Cushing, 347 U.S. at p. 435, 74 S.Ct. at p. 622:

"* * * Congress decided to help shipowners by reducing their obligations due to wrecks, not by reducing the prices they had to pay for carrying on their business either before or after a wreck. Construing the Act to protect shipowners from having to pay higher prices for oil or coal would be no less farfetched than construing it to keep down insurance premiums."

Yet, if such was not the intention of Congress, nevertheless, the Limitation of Liability Act presently has that effect in those States which have no general direct action statute. While finding no justification for this result, I must conclude, as did the Court in In re Pacific Inland Navigation Company, *supra*, that such changes as might be effected with respect to the existing doctrine of limited liability should be effected by Congress.

In accordance with the foregoing Opinion, the Motion for Leave to Amend Answer is granted. An appropriate Order is entered.