474 F.2d 1360
 Margaret Coll BOLENDER, Administratrix of the Estate of
James P. Coll, Deceased, Appellant,
v.
FARM BUREAU MUTUAL INSURANCE COMPANY and Nationwide Insurance Company.
 No. 71-2000.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 30, 1972.
Decided March 7, 1973.
 
 Norman Paul Harvey, Harvey, Pennington, Herting & Renneisen, Timothy B. Barnard, Philadelphia, Pa., for appellant.
 John J. Walsh, Jr., LaBrum & Doak, Edward R. Paul, Philadelphia, Pa., for appellee.
 Before BIGGS, KALODNER and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 BIGGS, Circuit Judge.
 
 
 1
 This appeal is concerned with the proper application of the Pennsylvania statute of limitations, 12 P.S. Sec. 31 (1953), to a proceeding by Bolender, administratrix of the estate of Coll, to recover as a third party beneficiary pursuant to a contract of insurance issued by the appellees[1] to Laura L. Longstreth. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. Sec. 1332 (1970). The law of Pennsylvania applies.
 
 
 2
 A judgment in favor of Bolender in the amount of $22,000 was entered on May 9, 1956 in wrongful death and survival actions against William Longstreth, the son of Laura Longstreth who had been given permission by the latter to operate her automobile, and Bishop, who was operating the automobile at the request of William Longstreth when said car struck and killed Coll. Farm Bureau Mutual Insurance Company had defended William Longstreth in the lawsuit under a reservation of rights agreement and had refused to defend Bishop. The judgment remaining unsatisfied,[2] Bolender filed the present suit against the insurer on December 27, 1967, claiming that either or both William Longstreth and Bishop were covered under the insurance policy issued to Laura Longstreth and that the insurer was estopped from asserting the policy limitation of $10,000 due to its lack of good faith in defending the prior suit and negotiating a settlement.
 
 
 3
 Bolender is suing to enforce the following promise of the insurer contained in the insurance contract: "Coverage F-Bodily Injury Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." Bolender's right to sue the insurer directly as a third party beneficiary of such promise to pay stems from the following provision: "No action shall lie against the Company, unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.
 
 
 4
 "Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy . . ."
 
 
 5
 The appellees do not contest Bolender's right under the above policy provision to bring an action against the insurer as a third party beneficiary of the insurance contract, and Pennsylvania law is clear that such a suit may be maintained.[3] But in light of the fact that this action was instituted 11 1/2 years after the judgment against the insured was rendered, the court below granted appellees' motion to dismiss on the ground that this action was barred after six years by the Pennsylvania statute of limitations applicable to contract actions, 12 P.S. Sec. 31. We agree.
 
 
 6
 It is of course fundamental that a statute of limitations does not begin to run until a cause of action has accrued. But determining the time when a cause of action has accrued is often the subject of dispute, and this case is no exception. Pennsylvania law is replete with simplistic statements concerning the times causes of action accrue. For example, it is said that "the time specified in a statute of limitations does not begin to run until there is an existing right to sue forthwith." New York and Pennsylvania Co. v. New York Central R. R. Co., 300 Pa. 242, 245-246, 150 A. 480, 481 (1930). In Philadelphia, Baltimore, and Washington R. R. v. Quaker City Flour Mills Co., 282 Pa. 362, 367, 127 A. 845, 847 (1925), the Pennsylvania Supreme Court said, "A cause of action accrues at the moment the party has a legal right to sue." And in Bell v. Brady, 346 Pa. 666, 669, 31 A.2d 547, 549 (1943), the Court stated that "a cause of action accrues . . . when one has the right to institute a suit." If the contract is conditional, the statute runs from the time the condition is performed or exists. Tonkin v. Baum, 114 Pa. 414, 7 A. 185 (1886).
 
 
 7
 Application of the above rules requires affirmance of the dismissal of this action. Bolender's right to sue to enforce the insurer's promise to pay was complete at the time the prior judgment was rendered. As is stated in the policy, "[a]ny person or organization or the legal representative thereof who has secured such judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy." (Emphasis added.) Securing judgment was a condition precedent to Bolender's right to sue the insurer directly, and upon satisfying this term, she clearly had "an existing right to sue forthwith," which under Pennsylvania law, starts the running of the statute of limitations.
 
 
 8
 In an effort to escape the obvious, Bolender contends that since the insurance policy contains no time limitation on an injured party's right to claim payment, that right exists as long as the judgment against the insured remains valid and enforceable.[4] The lack of such an express limitation in the policy is irrelevant, however, for the law, 12 P.S. Sec. 31, imposes one. Bolender's position that a refusal of payment by the insurer is necessary to start the statute running is untenable. Refusal by the insurer is not a prerequisite to the right to institute suit to enforce the insurer's promise to pay, a right which Bolender ignored for 11 1/2 years, and the promise to pay was not part of a continuing contract.[5]
 
 
 9
 We would end this opinion here were it not for our Brother Kalodner's dissent. We believe that the fundamental misconception of the dissent is its belief that the policy grants the right to sue on a judgment. The right to sue is on the contract, and the judgment is only relevant insofar as it is a condition precedent to the creation of the third-party beneficiary right in the plaintiff.
 
 
 10
 The judgment will be affirmed.
 
 
 11
 KALODNER, Circuit Judge (dissenting).
 
 
 12
 The insurance policy here involved provides that an action may be instituted against the insurer for recovery of a judgment against its insured to the extent of the policy's coverage, without specification as to the time in which the action must be brought.[1]
 
 
 13
 The majority holds that the suit here is upon the contract and not upon the judgment, and that accordingly, it is barred by the Pennsylvania Statute of Limitations, 12 P.S. Sec. 31, which fixes a six-year limit for action on a contract.
 
 
 14
 The Achilles' heel of the stated holding is that it limits its consideration to the single circumstance that the policy confers the right-to-sue on a judgment and disregards the inherent attributes of a judgment and its force insofar as time limitation for its enforcement is concerned. The majority, in other words, has seen fit to focus its attention on the packaging, and not the content, of the judgment privilege.
 
 
 15
 I disagree with the majority's disposition for these reasons:
 
 
 16
 It is settled Pennsylvania law that (1) an action on a judgment is not governed by the six-year Pennsylvania Statute of Limitations applicable to contract actions,[2] and (2) the vitality of a judgment prevails undiminished for a period of twenty years inasmuch as a presumption of payment arises only after a lapse of twenty years.[3]
 
 
 17
 The policy here provides that the insurer may be sued for recovery of a judgment obtained against its insured to the extent of its coverage. It does not fix a time limit for the institution of such an action although it could have done so under prevailing Pennsylvania law.[4]
 
 
 18
 Since the policy fixes no time limitations respecting the exercise of its right-to-sue provision we must resort to Pennsylvania decisions applicable to the construction of an insurance policy.
 
 
 19
 These settled Pennsylvania principles are applicable:
 
 
 20
 "It is well settled that an insurance policy will be construed most strongly against the insurer who has prepared it,"[5] and "[i]n case of doubt and ambiguity, a provision of an insurance policy will be construed against the insurer who drafted the instrument."[6]
 
 
 21
 "In determining what constitutes the obligation of a contract, no principle is more firmly established than that the laws which were in force at the time and place of the making of the contract enter into its obligation with the same effect as if expressly incorporated in its terms." Beaver County Building and Loan Association v. Winowich, 323 Pa. 483, 489, 187 A. 481, 484 (1936) (emphasis supplied).
 
 
 22
 The majority has not given effect to the foregoing principles.
 
 
 23
 It has not construed the policy "most strongly against the insurer who has prepared it."
 
 
 24
 It has not accorded the appellant the benefit of the Pennsylvania rule that an action on a judgment is not subject to the six-year Pennsylvania Statute of Limitations.
 
 
 25
 It has barred a suit upon a judgment which is less than twenty years old although it concedes that the vitality of the judgment exists for twenty years under Pennsylvania law. (footnote 4, majority opinion).
 
 
 26
 It has made a shambles of the right accorded by a policy to sue the insurer on a judgment by its ruling that when such an action is instituted it must be regarded as a suit upon the contract and not upon the judgment.
 
 
 27
 The net effect of the majority's ruling is that it makes a judgment subject to the impact of the six-year Pennsylvania Statute of Limitations, applicable to contracts, in disregard of the Pennsylvania rule that a judgment is not governed by this statute.
 
 
 28
 "Rich gifts wax poor when givers prove unkind."[7]
 
 
 29
 In paraphrase: "Rich gifts wax poor when judges prove unkind."
 
 There remains this to be said:
 
 30
 There is no precedent in Pennsylvania, or any other jurisdiction, state or federal, for the majority's holding that when a policy grants a right to sue the insurer on a judgment, such an action must be regarded as a suit upon a contract and not upon a judgment.
 
 
 31
 The majority here sets an unfortunate precedent of transcending importance in insurance law.
 
 
 32
 I would vacate the Order of the District Court.[8]
 
 
 
 [1]
 Appellee Farm Bureau Mutual Insurance Company, which had issued the insurance policy in question, was merged with or otherwise acquired by appellee Nationwide Insurance Company several years prior to the institution of the present proceeding
 
 
 [2]
 In 1963, Bolender filed a Writ of Execution on the judgment, but according to Bolender, "[t]he whereabouts of Bishop being unknown and Longstreth having become a clergyman, the Writ was not acted upon."
 
 
 [3]
 Rose and Son, Inc. v. Zurich General Accident Co., 296 Pa. 206, 145 A. 813 (1929); Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia, 129 Pa.Super. 276, 195 A. 661 (1937); Philadelphia Forrest Hills Corporation v. Bituminous Casualty Corporation, 208 Pa.Super. 461, 222 A.2d 493 (1966)
 Absent such a clause, Bolender could not sue the insurer directly to recover on the judgment rendered against the insured. Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia, supra; Philadelphia Forrest Hills Corp v. Bituminous Casualty Corp., supra. A second remedy is also available however, that of issuing an attachment execution naming the insurer as garnishee. Ferguson v. Manufacturers' Casualty Company of Philadelphia, supra at 280, 195 A. at 663; Wilkosz v. Employers' Liability Assurance Corp., 13 Pa.Dist. & Co.R.2d 746, 748 (1957).
 
 
 [4]
 Under Pennsylvania law, a judgment is presumed discharged after 20 years. Smith v. Shoenberger, 176 Pa. 95, 34 A. 954 (1896)
 
 
 [5]
 Contrast Thorpe v. Schoenbrun, 202 Pa. Super. 375, 195 A.2d 870 (1963)
 
 
 [1]
 Paragraph 6 of "CONDITIONS" of the policy, captioned "Action Against Company" provides as follows:
 "No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.
 "Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability.
 "Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder."
 (Emphasis supplied).
 
 
 [2]
 Evans v. Cleary, 125 Pa. 204, 211, 17 A. 440, 442 (1889); Stewart v. Peterson's Executors, 63 Pa. 230, 234 (1870); Vincent v. Watson, 40 Pa. 306, 309 (1861); Henry's Estate (No. 1), 28 Pa. Super. 541, 543 (1905); 22 Pennsylvania Law Encyclopedia, Limitation of Actions, Sec. 29
 
 
 [3]
 Smith v. Shoenberger, 176 Pa. 95, 34 A. 954 (1896); Gregory v. Commonwealth, 121 Pa. 611, 15 A. 452 (1888); Reed v. Reed, 46 Pa. 239, 242 (1963); Peoples Loan & Investment Co. v. Perl, 45 Lackawanna Jurist 199 (C.P.1944); Baker's Estate, 48 Pa.Dist. & Co.R. 163, 166 (C.P. Montgomery County 1943)
 
 
 [4]
 Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia, 129 Pa. Super. 276, 280-282, 195 A. 661, 663-664 (1937). There the policy granted a right to sue the insurer for recovery of a judgment against the insured provided such suit was "brought within ninety (90) days after the right of action accrues. . . ."
 
 
 [5]
 Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394, 397, 123 A.2d 413, 415 (1956)
 
 
 [6]
 Walter v. Dunlap, 368 F.2d 118, 120 (3 Cir. 1966) (citing Pennsylvania cases). See, too, Miller v. Boston Insurance Company, 420 Pa. 566, 570, 218 A.2d 275, 277 (1966); Papadell v. Harleysville Mutual Casualty Company, 411 Pa. 214, 216, 191 A.2d 274, 275 (1963)
 
 
 [7]
 Hamlet, Act III, Scene i
 
 
 [8]
 The District Court's Order under review is premised solely on the conclusion "that plaintiff's claim is barred by the statute of limitations." The majority has directed its consideration to the stated premise of the District Court's disposition. This dissent has likewise done so