## Kubas v. J. C. Penney Casualty Insurance Company

*Irving Bloom*, for plaintiff.
*Paul R. Marks*, for defendant.

LOUGHRAN, *J.*, April 9, 1980—To the knowledge of this court the matter raised by plaintiff's complaint and defendant's objections is one of first impression in Pennsylvania. Plaintiff in this matter was the owner of a certain vehicle that was involved in a two car accident. The driver of plaintiff's auto was someone other than plaintiff. The other auto was being driven by defendant's insured. Defendant insurance company sent a letter to plaintiff informing plaintiff that under the laws of comparative negligence plaintiff would be assessed with ten percent fault for failing to maintain proper control of her vehicle and enclosed a check for 90 percent of the estimated damage. Plaintiff then filed suit in

trespass against defendant company for the full estimated damages alleging in her first count that as plaintiff was not the driver it was improper to assess any responsibility to plaintiff under comparative negligence and that the assessment was willful, malicious and intentional as no investigation was conducted. Plaintiff's second count is for punitive damages because of the alleged willful, malicious and intentional acts of defendant.

Defendant filed preliminary objections in the nature of a demurrer and contends that plaintiff's complaint must be stricken as the law in Pennsylvania does not permit a direct action against a liability insurer under the circumstances. Plaintiff answers that such an action should be permitted pursuant to a breach of the insurer's duty of good faith and that the breach is a tort that is remedied in a trespass action.

Plaintiff does not set forth any allegations or averments in her complaint which would indicate that plaintiff is in fact entitled to bring this direct action against the insurance company rather than against the insured, Debra Houston.

Under Pennsylvania law an injured person has no right of direct action against the insurer of an alleged tortfeasor unless the applicable policy or statute creates such rights: Pettus v. Jones & Laughlin Steel Corporation, 322 F. Supp. 1078 (W.D. Pa. 1971). Also, in the case of Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia, 129 Pa. Superior Ct. 276, 195 Atl. 661 (1937), the Pennsylvania Superior Court held that a person injured by an insured cannot maintain suit directly against the automobile liability insurer in the absence of a statute or a policy provision.

There are no allegations in plaintiff's complaint which would in any way indicate that plaintiff is

entitled to bring this action against the insurance company either upon the policy of insurance in question or upon any statute. Therefore, plaintiff's complaint fails to set forth any cognizable cause of action against defendant insurance company. It is submitted that plaintiff's only cause of action with regard to this accident is on the merits against the insured tortfeasor who was allegedly involved in the accident.

While it appears that defendant company may not have proceeded in good faith, it is felt that plaintiff's action is premature. All of the good faith cases examined by this court are brought after there has been an adjudication of damages against an insured resulting in loss that would not have otherwise occurred except for the bad faith of the insurance carrier. In the present case there has been no action brought against defendant's insured and no adjudication of damage. Without such adjudication it is the opinion of this court that plaintiff's action is premature.

Plaintiff has also set forth a claim for punitive damages against defendant insurance company.

Plaintiff has not set forth any averments or allegations which would entitle plaintiff to any punitive damages. Furthermore, if plaintiff's direct action against defendant insurance company is prohibited, plaintiff's claim for punitive damages would also be prohibited.

In the case D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 262 Pa. Superior Ct. 331, 333-34, 396 A.2d 780 (1978), the court held that plaintiff's claim for punitive damages on the basis of an insurance contract was improper, and the insurance company's demurrer in that case was sustained. The court stated the following:

"To overrule the demurrer in this case would be to place insurance companies into a situation wherein they would be risking a tort action every time they denied insurance coverage no matter how frivolous the claim. Such a situation would ultimately result in ever-increasing insurance premiums to the benefit of no one. We cannot see how a refusal by an insurance company to pay an $832.23 claim can justifiably give rise to a cause of action for intentional infliction of mental distress or any other cause of action for mental distress. Because we find no authority for the tort action under Pennsylvania law we hold that the court below was correct in its dismissal of that cause of action."

It should be further pointed out that in the D'Ambrosio case plaintiff was actually an insured of defendant insurance company. Nevertheless, the court dismissed plaintiff's claim for punitive damages in that case. Here, the matter is even clearer since plaintiff is not even an insured of defendant. It would follow that if the courts do not permit an actual insured to set forth a claim for punitive damages against his insurer, the argument would even be stronger with respect to a noninsured such as plaintiff in this case.

At any rate, plaintiff is not permitted to file this direct action against this insurance company, and as a result plaintiff's claim for punitive damages is prohibited as well.

## ORDER

And now, April 9, 1980, the objections of defendant are sustained and plaintiff's action is dismissed without prejudice.