## Philadelphia Electric Co. v. Leonard

*James C. Brennan,* for plaintiff.
*Harry J. Bradley,* for defendants.
*William C. Archbold, Jr.,* for additional defendant Walker.
*John H. Clark,* for additional defendant Norwood Citizens.
*Thomas O. Malcolm,* for additional defendant Bissey.

SURRICK, *J.,* March 16, 1982 — This matter came before the court on defendant Allstate Insurance Company's preliminary objections to plaintiff's complaint in the nature of a demurrer. The court sustained the preliminary objections and dismissed plaintiff's complaint as to defendant Allstate Insurance Company. Plaintiff has appealed from this order thus necessitating this opinion.

A demurrer asserts that the complaint fails to set forth a cause of action upon which relief can be granted. In testing the complaint on a demurrer, every well-pleaded, material, relevant fact set forth in the complaint, together with all reasonable inferences therefrom is taken as true. A demurrer will be sustained where a complaint shows with certainty that upon the facts averred, the law will not permit

the plaintiff to recover. Del Boring Tire Service Inc. v. Barr Machine Inc., 285 Pa. Super. 66, 426 A.2d 1143 (1981).

Plaintiff's complaint, read in light of the above, reveals the following facts: Philadelphia Electric Company and defendant Leonard were named as defendants in trespass actions brought by the estates of one Benson and one Walker. Mr. Leonard's defense was conducted by the Allstate Insurance Company. On March 10, 1981, these actions were called to trial before the Honorable William R. Toal, Jr. After two days of negotiations, both matters were amicably resolved. The settlement provided for the payment of $60,000 to each estate and released Philadelphia Electric and Mr. Leonard from any claim of liability to the estate. The settlement was fair and reasonable under all the circumstances. Philadelphia Electric Company paid $120,000. Mr. Leonard through his insurer Allstate refused to contribute to the settlement. Plaintiff concludes that, under the equitable doctrine of subrogation, Allstate is directly liable to plaintiff for one-half of the settlement of $60,000.

Allstate's assertion that the complaint does not set forth an actionable claim is supported by the general rule that an injured party has no right of direct action against the insurer of an alleged tortfeasor unless the applicable insurance policy or a statute creates such a right. Folmar v. Shaffer, 232 Pa. Super. 22, 332 A.2d 821 (1974); Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp., 208 Pa. Super. 461, 222 A.2d 493 (1966); Ferguson v. Manufacturers' Casualty Insurance Co. of Philadelphia, 129 Pa. Super. 276, 195 A. 661 (1937); Aetna Insurance Co. v. Pennsylvania Manufacturers' Association Insurance Co., 456 F.Supp. 627 (E.D. Pa.

1978); Pettus v. Jones and Laughlin Steel Corp., 322 F. Supp. 1078 (W.D. Pa. 1971). There are no allegations found in the complaint which would indicate that plaintiff is entitled to bring this action against Allstate either upon the involved policy or upon a specific statutory provision.*

Plaintiff admits the general rule but argues that Allstate is directly liable because the insurer refused to contribute a reasonable amount to settlement. Plaintiff asks the court to find a direct cause of action by combining the policy of one act, the Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S.A. §8321 et seq., with a provision of another, the Unfair Insurance Practices Act, 40 P.S. §1171.5 (10) (vi). The combination of these acts it is contended imposes upon an insurer, in a multiple defendant case, a duty to the other defendants, adversaries in litigation, to accept reasonable offers of settlement where the liability of its insured has an established factual basis.

The Uniform Contribution Among Tortfeasors Act provides for a right of contribution among persons jointly or severally liable in tort for the same injury when one of these persons has discharged the common liability or paid more than his pro rata share, 42 Pa. C.S.A. §§8322 and 8324(a), (b). While the broad policy of the act favors contribution, the act first requires that parties share a common liability. The act in no way restricts a party's right to contest the fact of common liability. The act does not require an alleged joint tortfeasor to accept reason-

---

* See, however, Act of May 24, 1933, P.L. 987, Section 1, 40 P.S. §117, which provides a "highly circumscribed" exception to the general rule. Pettus v. Jones & Laughlin Steel Corp., supra.

able offers of settlement. The insurer represents the interests of the insured, the alleged joint tortfeasor, Shearer v. Reed, 286 Pa. Super. 188, 428 A.2d 635 (1981). Thus it would appear that if prior to the establishment of common liability a person has no legal right under the Uniform Act to compel another party alleged to be a joint tortfeasor, to contribute, then he likewise lacks a right under the act to require such action by his representative.

The Unfair Insurances Practices Act of July 22, 1974, P.L. 589, 40 P.S. §1171.1 et. seq. is equally unsympathetic to plaintiff's claim. The act preserves previously existing causes of action. Dozor Agency v. Rosenberg, 403 Pa. 237, 169 A.2d 771 (1961); Collins v. Northwestern National Insurance Group, 2 D.&C. 3d 568 (1977). But the act does not create new causes of action in private parties. The Act does not provide a party other than the insured with a private cause of action against the insurer due to the insurer's refusal to accept reasonable offers of settlement. Plaintiff's remedy in such a situation is to file a complaint with the Insurance Commissioner. Collins v. Northwestern Insurance Group, supra., at 572-74; See Kubas v. J. C. Penney Casualty Insurance Co., 16 D.&C. 3d 67 (1980).

Neither of the acts provides the cause of action plaintiff desires. Nothing is added by reading them together. While the argument might be made that third parties should have a private right of action under the Unfair Insurance Practices Act, this is an argument for the legislature and not the courts.

It was in light of the foregoing that the court concluded that plaintiff had failed to state a cause of action against defendant Allstate, and that Allstate's demurrer should be sustained.