## Jackman's Estate

*Guy G. deFuria,* for accountant.

*R. Paul Lessy,* for Commonwealth.

*Albert J. Williams,* for Delaware County Institution District.

McDONOUGH, P. J., October 11, 1943.—By the provisions of section 418 of the Act of May 17, 1921, P. L. 682, added by the Act of April 26, 1929, P. L. 785, it is provided:

"No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of such employee, or his beneficiary, or any other person, who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts."

To limit the next question involved, let it be assumed that the act of assembly in this case read thus:

"No policy of group insurance, nor proceeds thereof, when not made payable to a named beneficiary shall constitute a part of the estate of the employee for the payment of his debts."

The most definite approach to the determination of the question is contained in the language, "nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the employee *for the payment of his debts*".

There is no doubt of the power of the Commonwealth to regulate and fix the ultimate. beneficiaries of life insurance, and there would appear to be nothing un-

constitutional about the classification of the subject matter of this act in a fashion limited by the words "constitute a part of the estate . . . for the payment of his debts".

The Commonwealth's claim, which was in dispute, is that this decedent owes the Delaware County Institution District, for the support of his children for the years 1933 to 1942, inclusive, the sum of $3,084.99. There is no serious denial of this claim, and on the facts presented it is found that there is due to the Delaware County Institution District the said sum of money. The question is: May it be paid out of the fund before the court for distribution?

The accountant charges itself with $5,357.24. Of this sum $5,000 is group insurance arising out of the fact that at the time of his decease the decedent here was employed in one of the industrial plants of the county, and his death during such employment matured the sum of $5,000 as group insurance. Of course, if this fund is no part of the estate, the function of the accountant here is that of a mere conduit through which the persons and interests legally entitled to the money are found, fixed, and paid. Without the $5,000 group insurance the estate would not equal the sum of $500 and could have been adjusted without administration under the Acts of 1939 and 1941. The sum, therefore, of $357.24 is a part of the estate.

It is the claim of the institution district that it is an agency of the Commonwealth, and that the general language affecting creditors for the payment of debts does not militate against it. The court is referred to Commonwealth v. Guardian Trust Co., 28 D. & C. 190.

The fact situation in the cited case was that one adjudicated a weakminded person for whom a guardian was appointed became an inmate of the State hospital for about a year and nine months and that as a consequence he was indebted to the Commonwealth of Penn-

sylvania. The Commonwealth filed a petition under the act of assembly praying for an order on the guardian to pay its claim. The petition was resisted on the ground that the only funds in the hands of the guardian were the proceeds of group policies of permanent disability insurance, and that the wife of the afflicted, who was the beneficiary named in the certificates, was alive and resided with the said patient. The answer of the Commonwealth was that the immunity arising out of this legislation applies only during the period that the proceeds are in the course of transition; and, secondly, that the language of the statute is general and in its unrestricted sense would divest the Commonwealth of the right accorded to it by the Act of June 1, 1915, P. L. 661. Judge Sherwood decided that case partly because the exemption fixed by the act does not apply to the actual receipt by the employe. The second ground was that the words of the statute applying to private rights could not affect those of the State, and that the rights of the Commonwealth, when affected, can only be so affected when the intention is plainly expressed or necessarily implied.

We are not disturbed here with the period of transition in the payment of the money; it has been paid. And it also appears that the status of the Commonwealth with respect to the distribution of decedents' estates, which we here have, is fixed by legislation. The Commonwealth's claim here is in the rôle of a creditor. It seeks to recover a debt.

By the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 13(a), it is provided that distribution of decedents' estates shall be in the following order:

1. Funeral expenses, medicines furnished, and medical attendance given during the last illness of the decedent, and servants' wages not exceeding one year;

2. Rents, not exceeding one year;

3. All other debts, without regard to the quality of the same, except debts due to the Commonwealth, which shall be paid last.

Thus, when the question is focused on the distribution of decedent's estate, the legislation of the Commonwealth does make the Commonwealth a creditor on the same terms with other creditors of decedent, except that it relegates the Commonwealth to be paid last.

Measured by these two considerations, namely, that the proceeds of this insurance are not assets or part of the decedent's estate "for the payment of debts", and therefore not within the reach of any creditor, and that the status of the Commonwealth, as fixed by the recited legislation, is that of a common creditor whose payment comes last, none of the cases to which the court has been referred deals with the distribution of decedents' estates. They were not within the swath of the Act of 1917, supra, and of little aid in determining this question.

The claim of the Commonwealth is undoubtedly of great merit. Nothing could be higher in that respect in the forum of morality, casuistry, or conscience. But the rights of decedent are fixed by statute, and the court may not amend, modify, or repeal the statutes of the Commonwealth. This the legislature alone may do.

There is presented also the claim of the Department of Revenue for inheritance tax.

We have seen that the fund is a part of the estate for every other purpose than the payment of debts. The status of tax as a debt is a matter of some confusion. The weight of authority would seem to be that the term "debt" in its ordinary sense does not include tax. In Words and Phrases (1st ed.) 1883 are set down the authorities supporting this proposition, including our own authority in the case of McKeesport Borough v. Fidler, 147 Pa. 532, in which our Supreme

74

Court ruled: "An assessment by a municipality for the cost of building a sewer is a tax", and as such it "cannot be collected as an ordinary debt . . . unless such remedy is given by statute".

Upon this authority the court rules that this fund, except the insurance, is liable for transfer inheritance tax. The adjudication filed accompanying this memorandum reflects the effect of the distribution in this estate.