**In re Rodger LOWENTHAL, Debtor.**

**Bankruptcy No. 96–111985R.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 18, 1996.

Andrew Schwartz, Chapter 7 Trustee, Philadelphia, PA.

Daniel P. Bernstein, Philadelphia, PA, for debtor.

Frederic J. Baker, Asst. U.S. Trustee, Philadelphia, PA.

## *OPINION*

STEPHEN RASLAVICH, Bankruptcy Judge.

### *Introduction:*

Before the Court is the Objection of Chapter 7 trustee Andrew N. Schwartz ("Trustee") to an exemption claimed by debtor Rodger Lowenthal ("Debtor") pursuant to § 522(b) of the United States Bankruptcy Code ("Code"), 11 U.S.C. §§ 101–1330, and 42 Pa.C.S.A. § 8124(c)(7). The exemption claimed is for certain monies that were paid to the Debtor under an accident insurance policy in satisfaction of a judgment he obtained against the individual with whom he was involved in an automobile accident in 1992. The Court heard oral argument on the Objection at a hearing held on September 25, 1996. After the conclusion of the hearing, the matter was taken under advisement. For the reasons set forth below, the Objection is denied.

### JURISDICTION

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), 157(b)(1), (b)(2)(A) and (B).

### BACKGROUND

At the hearing held on September 25, 1996, the parties submitted a stipulation of facts ("Stipulation") to be considered by the Court in ruling on the Trustee's Objection. As set forth in the Stipulation, the pertinent facts in this matter are relatively straightforward and not in dispute. The stipulated facts relevant to the matter follow.

On or about November 8, 1992, the Debtor was involved in an automobile accident with Horace Sheppard, Sr. ("Sheppard") within the city limits of Philadelphia. The Debtor suffered physical injuries in the accident that included abrasions, neck and back pains, and a concussion. As a consequence of the fore-

going, the Debtor was unable to work or perform any work related services for a period of about eight weeks. In October 1994, the Debtor instituted a lawsuit against Sheppard, and other parties, in the Court of Common Pleas of Philadelphia.

Thereafter, on or about April 3, 1996, the Debtor was awarded a judgment in his favor against Sheppard in the amount of $65,000. In the same action, the Debtor's wife Ellen Lowenthal, not a debtor in this case, obtained a judgment against Sheppard in her favor in the amount of $10,000. In order to expedite payment and avoid an appeal by Sheppard, the Debtor agreed to accept the sum of $60,000 in full settlement of the amount awarded to him. It appears, however, that the settlement did not affect the amount awarded to the Debtor's wife.

At all times relevant to this proceeding, both Sheppard and the Debtor maintained automobile accident liability policies. Sheppard's policy, number 37ARA0226037, was with the Brotherhood Mutual Insurance Company ("Brotherhood Insurance"). The Debtor's policy, number SD749259, was with the American Insurance Company ("American Insurance"). On or about April 17, 1996, Brotherhood Insurance paid to the Debtor and his wife the sum of $70,000 pursuant to its obligations under Sheppard's policy. The check from Brotherhood, a copy of which was attached to the Stipulation, was made payable to "Rodger and Ellen Lowenthall individually and as husband and wife and Allen Feingold their attorney."

Although not a part of the Stipulation, the following facts, which appear in the official record of this case as maintained by the Clerk of the Court on the case docket, do not appear to be in dispute. The Debtor filed the petition commencing this Chapter 7 case on February 13, 1996. Mr. Schwartz, who was initially appointed to serve as the interim trustee on February 16, 1996, continues to serve in the case as the statutory Chapter 7 trustee pursuant to Code § 702(d). Nowhere in the schedules and statements required to be filed pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") did the Debtor list the personal injury action against Sheppard that

was pending in the state court at the time that the petition was filed.

The first Code § 341 meeting of creditors in this case was held on May 6, 1996, at which time, the Trustee alleges, it was first disclosed by the Debtor that he had received proceeds from the above litigation with Sheppard. Thereafter, on May 9, 1996, the Debtor filed an amended schedule "C" which listed "[p]roceeds of litigation re: auto accident Lowenthal v. Sheppard, et al." as exempt property under 42 Pa.C.S.A. § 8124(c)(7).

The Trustee filed the instant Objection on June 5, 1996. The hearing on the Objection, although originally scheduled for July 17, 1996, was held on September 25, 1996. Simply put, the Trustee contends that the monies paid to the Debtor are not exempt under 42 Pa.C.S.A. § 8124(c)(7) because they represent the proceeds of litigation, and as such, do not constitute an "amount payable under any accident ... insurance" as required by that statute. The Trustee alternatively contends that because the source of the payment was Sheppard's insurance, rather than an accident insurance policy maintained by the Debtor, the payment falls outside of the scope of the exemption. The Trustee cites no legal authority for either argument. With respect to the latter position, however, the Trustee posits, in what appears to be an argument based on public policy, that failing to limit the exemption to funds paid to a debtor pursuant to the debtor's own accident insurance could lead to anomalous results in different, yet factually similar, situations. The Trustee hypothesizes, for example, that while a payment from either the debtor's or the liable party's accident insurance could arguably be claimed as exempt in the absence of the limitation he suggests, the situation would be markedly different had the payment come from the liable party directly. The Trustee contends that under these circumstances the payment could not be claimed as exempt simply because its source had not been one of the insurers, despite the fact that the circumstances giving rise to the liability would have been the same in both situations.

The Debtor responds to the foregoing by arguing that the plain language of the stat-

ute, as well as the general policy favoring the liberal interpretation of exemption statutes, require the Court to find that the monies paid by Sheppard's insurance are exempt under 42 Pa.C.S.A. § 8124(c)(7). In addition, likening the above payment to a hypothetical payment made under the now repealed No Fault Automobile Insurance Act, 40 P.S. §§ 1009.101 to 1009.701 (repealed by 75 Pa. C.S.A. § 1731), the Debtor contends that just as the hypothetical no-fault insurance payment to the Debtor would have been exempt under 42 Pa.C.S.A. § 8124(c)(9), so should the payment from Sheppard's insurance.

## DISCUSSION

The commencement of a case under Title 11 of the United States Code creates an "estate" comprised of all equitable or legal interests of the debtor in property. Code § 541(a). So extensive is the estate's interest in property of the debtor, that it encompasses even property that may be necessary for a fresh start after bankruptcy. E.g. In re Nudo, 147 B.R. 68, 70 (Bankr.N.D.N.Y.1992). In order to foster this fresh start, however, and to promote the debtor's self sufficiency after the bankruptcy case has ended, § 522 of the Code permits the debtor to exempt from the reach of creditors some of the property that was swept into the estate under Code § 541.

Pursuant to Code § 522(b), the debtor may choose between the set of statutory exemptions provided under Code § 522(d), or the exemptions provided under the law of the state in which the debtor's domicile is located unless the state has "opted out" of the federal exemption scheme as permitted under Code § 522(b)(1). In instances where the state has opted out, the residents of the state are limited to the exemptions provided under state law. Since Pennsylvania has not opted out of the federal exemptions, debtors in this state may choose either the federal exemptions or the exemptions provided under Pennsylvania state law.

In the instant case, the Debtor has elected the Pennsylvania exemptions and seeks to exempt, *inter alia,* certain insurance proceeds under 42 Pa.C.S.A. § 8124(c)(7).

In pertinent part, that statute provides as follows:

§ 8124. Exemption of particular property

(c) **Insurance proceeds.**—The following property or other rights of the judgment debtor shall be exempt from attachment or execution on judgment:

\* \* \* \* \* \*

(7) The net amount payable under any accident or disability insurance.

The Trustee, as the party objecting to the exemption claimed by the Debtor bears the burden of proving that the exemption should be denied. Fed.R.Bankr.P. 4003(c). The Trustee contends that the exemption must be denied in this case for two principal reasons. First, the Trustee posits that payment should be viewed as litigation proceeds, rather than an "amount [paid] under any accident ... insurance", since it was rendered only after liability had been determined at trial. Second, the Trustee contends that even if the payment is viewed as an amount paid under accident insurance, it should nonetheless be viewed as falling outside of the scope of the exemption since its source was Sheppard's insurance, rather than a policy maintained by the Debtor.

The Trustee cites no authority in support of either of the positions asserted above. Indeed, the Court's own independent research has revealed no cases at either the state or federal level that interpret or apply 42 Pa.C.S.A. § 8124(c)(7). The instant case, therefore, is a matter of first impression involving this particular provision of the Pennsylvania exemption statute. The Court notes that although the right to exempt certain property from the bankruptcy estate is a right created by federal law, when, as in the instant case, the debtor elects the exemptions provided under state law, the question of whether particular property is exempt in the bankruptcy case is to be determined by reference to the applicable provisions of state law. Thus, in determining whether the exemption claimed under 42 Pa.C.S.A. § 8124(c)(7) may be sustained in this case, the Court is obligated to construe that statute in the same manner as the courts of

Pennsylvania. *See generally Consumers Time Credit, Inc. v. Remark Corp.*, 248 F.Supp. 158, 161 (E.D.Pa.1965) (stating that in matters of first impression involving questions of state law, federal courts are bound to construe the statute involved as the state courts would).

The Court observes that legislative interpretation in Pennsylvania is guided by the Statutory Construction Act of 1972. Act of December 6, 1972, P.L. 1339, No. 290 (codified at 1 Pa.C.S.A. §§ 1501 to 1991). Relevant here is 1 Pa.C.S.A. § 1921, which provides, in pertinent, that "[w]hen the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S.A. § 1921(b). Thus, when the words of a statute are clear, the court must follow the statute's plain language and may not resort to other methods of statutory construction. *Borough of Thorpe v. Jim Thorpe Borough Police Dept.*, 682 A.2d 73, 76 (Pa.Cmwlth.Ct. 1996); *Young v. Young*, 507 Pa. 40, 488 A.2d 264, 269 (1985) (Zappala, J., dissenting); *accord, U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989).

■ It is difficult to imagine statutory language any more plain and direct than that found in 42 Pa.C.S.A. § 8124(c)(7). In short, the statute exempts from attachment or execution on judgment "the net amount payable under any accident ... insurance." Although it is not altogether clear what the net amount actually paid to the Debtor was in this case,[1] the stipulated facts conclusively establish that the source of the funds was Brotherhood Insurance, Sheppard's automobile accident insurer. The fact that the funds were already paid and are no longer "payable" is inconsequential since the term "net amount payable" as used in the statute was meant to apply in situations where the proceeds of insurance have not already been paid, and operates to, *inter alia*, prevent the payee from claiming the exemption as a bar to the insurer's legitimate right to deduct

from the amount payable under the policy amounts properly due the insurer. Thus, the fund to which the exemption applies is the amount remaining after any such deductions. *See generally, In re Lang*, 20 F.2d 236, 239 (E.D.Pa.1927), aff'd, 24 F.2d 254 (3rd Cir.), cert. denied, 277 U.S. 593, 48 S.Ct. 529, 72 L.Ed. 1004 (1928) (stating that the phrase "net amount payable" as used in the predecessor statute to 42 Pa.C.S.A. § 8124(c)(6) (pertaining to annuity contracts or policies of life insurance) simply means "that the fund exempted is that which arises after deduction of loans or other amounts due to the insurer."). It appears therefore, at least initially, that the payment to the Debtor from Brotherhood Insurance lies within the ambit of 42 Pa.C.S.A. § 8124(c)(7).

■ Despite the apparent symmetry between the admitted facts in this case and the language of 42 Pa.C.S.A. § 8124(c)(7), the Trustee attempts to remove the above payment of insurance monies to the Debtor from the purview of the statute by recasting it as a payment of litigation proceeds. This argument, however, is supported neither by the plain language of the statute, nor by citation to authority. The Court observes that nothing within the language of the statute itself limits its application, as the Trustee would apparently have it, to only the net amount payable under any accident insurance *prior to a determination of liability at trial*. On the contrary, it does not appear to be of any consequence for purposes of 42 Pa.C.S.A. § 8124(c)(7) whether the insurer making the payment elects to do so before or after trial. For instance, circumstances can be imagined in which an insurer might be willing to render payment on an accident claim prior to trial, i.e., where the insured's liability is clear or uncontested, just as easily as it can be imagined under other circumstances that it would be more prudent for the insurer to await a determination at trial, i.e., where liability is contested, before making payment on a prospective claim. In either case, how-

---

**1.** The Court notes that on the amended schedule "C" filed, the Debtor neglected to list the value of the property without deducting the exemption and the value of the interest claimed as exempt. Although not made an issue here by the Trustee,

it seems that the failure to list this rather basic information about the exemption renders the amended schedule incomplete. Fed.R.Bankr.P. 4003(a).

ever, the source of the payment—the insured's accident insurance policy—is the same. Under the plain language of 42 Pa. C.S.A. § 8124(c)(7), therefore, it makes no difference whether the payment for which an exemption is claimed is made before or after trial as long as the source of the payment, as in the instant case, is an accident insurance policy.

Next, the Trustee contends that even if the payment is viewed as an amount paid under accident insurance, it should nonetheless be viewed as falling outside the scope of the exemption since its source was Sheppard's insurance, rather than an accident policy maintained by the Debtor. This argument, although at first blush appearing somewhat more meritorious than the first, is also unavailing. In the first instance, since the wording of 42 Pa.C.S.A. §. 8124(c)(7) is clear, as discussed, *supra,* the Court may not disregard its plain meaning on the pretense of pursuing its spirit. 1 Pa.C.S.A. § 1921(b). The Trustee strains here to find ambiguity were none exists, ostensibly to provide a means by which to read into the statute a restriction that would limit its reach to only those insurance policies that name the debtor as either an insured or as a policy beneficiary. But it may safely be presumed, however, that the state legislature is aware of how to limit the reach of the statutes it enacts. Nowhere is this more evident for purposes of the within matter than in the wording of 42 Pa.C.S.A. § 8124(c) itself. While sub-provisions (1)–(4), (6) and (8)–(10) of the statute, for example, contain express terms of limitation particular to each provision, sub-parts (5), pertaining to policies of group insurance, and (7), at issue here, by contrast, are expressed in the broadest terms possible. The Court concludes, therefore, that if the legislature had intended to limit the applicability of the exemption in the manner suggested by the Trustee, it would have included language to this effect on the face of the statute.[2] 1 Pa.C.S.A. §§ 1922(5) and 1928(c).

Even if the Court were to find some ambiguity in the wording of 42 Pa. C.S.A. § 8142(c)(7), the foregoing conclusions would remain unchanged. The rule of construction where words of a statute are ambiguous is to follow the construction that carries out the purpose for which the law was enacted. 1 Pa.C.S.A. § 1921(c); *Kruczaj v. Komar,* 24 Pa. D. & C. 211, 214–15 (1935). In general, the statutes that exempt insurance proceeds from execution are founded upon public policy and serve the twofold purpose of encouraging individuals to insure against financial loss for the benefit and protection of those dependent on them for support, and to prevent individuals subject to financial hardship from becoming public charges. *See Mayhugh v. Coon,* 460 Pa. 128, 331 A.2d 452, 455 (1975); *Resolute Ins. Co. v. Pennington,* 423 Pa. 472, 224 A.2d 757, 760 (1966); *Pennsylvania Dept. of Revenue v. Verna,* 27 Pa. D. & C.3d 428, 430 (1983); *Baranovich v. Horwatt,* 113 Pa.Super. 467, 173 A. 676, 678 (1934); *Martin v. Balis,* 18 Pa. D. & C. 187, 189 (1932); 16 P.L.E. § 1 Exemptions (1959). Such statutes have as their object the protection of the judgment debtor, not the protection of creditors. *Mayhugh v. Coon,* 331 A.2d at

---

**2.** The Court notes that even if it were to assume that the typical exemption claim under 42 Pa. C.S.A. § 8124(c)(7) involves proceeds from the judgment debtor's own accident insurance policy, a reading of the statute that permits it to apply to the receipt of insurance proceeds from the liable party's policy is not so unreasonable as to be presumed contrary to legislative intent. 1 Pa.C.S.A. § 1922(a) (stating that in ascertaining legislative intent it may be presumed that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). For instance, it can be imagined that there are financially distressed individuals whose sole source of compensation for claims arising out of a non-employment or automobile related accident (for which other forms of insurance would presumably be available) will be a payment from the liable party's insurer. The recipients of such payments seem no less deserving of the protections afforded by 42 Pa.C.S.A. § 8124(c)(7) than those who receive compensation through their own insurance policies. To deny the benefit of the statute to those so obviously in need of its protection would be contrary to both the letter and spirit of the law, see discussion *infra.,* and given the absence of a clear statement of intent to the contrary within its terms, it may be presumed that the legislature did not intend to exclude from its reach accident insurance proceeds payable to the judgment debtor from the liable party's policy. 1 Pa.C.S.A. §§ 1922(5) and 1928(c).

455; *Resolute Ins. Co. v. Pennington,* 224 A.2d at 760. Consistent with the overall trend nationally, exemption statutes in Pennsylvania are to be liberally construed so as to effect the remedial purposes for which they were enacted and to promote justice.[3] *See Blake v. Commonwealth of Pa., Dept. of Public Welfare,* 63 Pa.Cmwlth. 491, 439 A.2d 1262, 1264 (1981); *Pennsylvania Dept. of Revenue v. Verna,* 27 Pa. D. & C.3d at 430–31; *Consumers Time Credit, Inc. v. Remark Corp.,* 248 F.Supp. at 161; *Martin v. Balis,* 18 Pa. D. & C. at 190; 1 Pa.C.S.A. § 1928(a) and (c); 16 P.L.E. § 2 Exemptions; *accord In re Christie,* 139 B.R. 612, 613 (Bankr. D.Vt.1992) (noting that the Vermont statutes exempting property from the reach of creditors are to be liberally construed in favor of the debtor); *In re Cramer,* 130 B.R. 193, 194 (Bankr.E.D.Pa.1991) (liberally construing the statutory exemptions provided under Code § 522(d) in favor of the debtor). In light of the foregoing, the Court finds that the Trustee, whose burden it is in this proceeding, has proven neither that granting the exemption in this case would in any way subvert the general policies underlying the enactment of 42 Pa.C.S.A. § 8124(c)(7), nor that those policies would be materially advanced if the rule he suggests were followed and the exemption were denied. Rather, since the obvious effect of the interpretation advanced by the Trustee would be to favor the private interests of creditors as against the public interests embodied in the enactment of the insurance exemptions, i.e., by limiting the circumstances under which a debtor would be able to claim an exemption in insurance monies, it may be presumed that the Trustee's interpretation is contrary to legislative intent and cannot be sustained. *See* 1 Pa.C.S.A. § 1922(5).

The Court also takes note of 1 Pa.C.S.A. § 1903 which states that:

(a) Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

(b) General words shall be construed to take their meanings and be restricted by preceding particular words.

Since no "particular" words of restriction precede the general term "any" in 42 Pa. C.S.A. § 8124(c)(7), the Court must assume that the legislature meant what it said in drafting the exemption to apply to the "net amount payable under *any* accident ... insurance." *Id.* (emphasis added); *see also* 1 Pa.C.S.A. § 1921(b). In common usage, the term "any" means, *inter alia,* "one or some

---

**3.** The current rule requiring exemption statutes to be liberally construed marks a fundamental change in the law of Pennsylvania. The traditional rule required such statutes to be strictly construed because of the long held view that exemption laws were in derogation of the common law principle that one's property should be taken in payment and satisfaction of his or her debts. *See generally Pennsylvania Dept. of Revenue v. Verna,* 27 Pa. D. & C.3d at 430–31 (stating the former rule requiring exemption laws to be strictly construed). The traditional rule of interpretation was modified under more recent rules of statutory construction. *Id.* Relevant here is 1 Pa.C.S.A. § 1928 which states in pertinent part:

(a) The rule that statutes in derogation of the common law are to be strictly construed, shall have no application to the statutes of this Commonwealth enacted finally after September 1, 1937.

\* \* \* \* \* \*

(c) All other provisions of a statute shall be liberally construed to effect their objects and to promote justice.

The trend toward the liberalization of exemption laws in Pennsylvania was documented by Justice Nix of the Pennsylvania Supreme Court in *Mayhugh v. Coon,* 331 A.2d at 454–56, and culminated in the enactment of a new exemption statute in 1976. The current exemption for personal property, 42 Pa.C.S.A. § 8124, was added to Title 42 of the Pennsylvania Consolidated Statutes as part of the Act of July 9, 1976, P.L. 586, No. 142. Sub-section (c)(7), the provision at issue here, was added as an amendment to 42 Pa.C.S.A. § 8124 under the Act of April 28, 1978, P.L. 202, No. 53, and must therefore, be liberally construed in order to effectuate its remedial purpose and to promote justice. 1 Pa.C.S.A. § 1928(c).

indiscriminately of whatever kind" and/or "one selected without restriction". Webster's New Collegiate Dictionary, at 51 (1981). In light of the legislature's use of a word with as broad a meaning as "any" in 42 Pa.C.S.A. § 8124(c)(7) without qualification, the statute cannot be read narrowly, as suggested by the Trustee, to exclude the payment from Brotherhood Insurance to the Debtor. Admittedly, the check from Brotherhood, made payable to the Debtor *et al.*, constituted an amount payable under accident insurance. Therefore, the net amount payable to the Debtor from the check, i.e., the amount remaining after deducting amounts necessary to satisfy the claims of co-payees Ellen Lowenthall and attorney Allen Feingold, may properly be claimed as exempt under 42 Pa.C.S.A. § 8124(c)(7).

Finally, the Trustee urges the Court to deny the exemption on grounds that an unrestricted reading of 42 Pa.C.S.A. § 8124(c)(7) could lead to anomalous results in certain hypothetical situations. The Court notes, however, that under the so called "case or controversy" doctrine prescribed by Article III, Section 2 of the United States Constitution, it is constrained to apply the statute only to the facts of the case before it, *see Presbytery of N.J. of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454, 1468 (3rd Cir.1994), and may not, therefore, conjecture what the holding might be in hypothetical situations in which the rights of the immediate parties would not be affected.[4] Thus, the Trustee's argument necessarily fails because he has no actual stake in the outcome of the hypothetical situations posited. The Court also notes that even if the Trustee's assertions were assumed to be correct, the results alleged in the hypotheticals would nonetheless not provide a sound basis on which to ground the relief he requests. The Court observes that since 42 Pa.C.S.A. § 8124(c)(7) falls under the category of exemptions captioned "Insurance Proceeds" it may be presumed that the legislature intended the exemption to apply to only those monies paid to a debtor under the particular forms of insurance listed in the statute. The Court is not unmindful of the apparent incongruity in providing an exemption that would be applicable to the proceeds of accident insurance but not to a similar payment made by the liable party directly. However, it is not for this Court to judge the fairness or wisdom of any particular legislative enactment. *See generally, Tennessee Valley Authority v. Hill,* 437 U.S. 153, 194, 98 S.Ct. 2279, 2302, 57 L.Ed.2d 117 (1978) ("Our individual appraisal of the wisdom or unwisdom of a particular course consciously selected by Congress is to be put aside in the process of interpreting a statute. Once the meaning of an enactment is discerned and its constitutionality determined, the judicial process comes to an end."). Since the constitutionality of 42 Pa.C.S.A. § 8124(c)(7) must be presumed here given the absence of a challenge on this basis, 1 Pa.C.S.A. § 1922(3); *see Allen v. Montgomery Hospital,* 447 Pa.Super. 158, 668 A.2d 565, 576 (1995); *accord State v. Finley,* 276 Mont. 126, 915 P.2d 208, 222 (1996) (Gray, J., concurring), the Court is bound to apply the statute according to its plain terms. To the extent correction or adjustment in its wording is warranted in light of the Trustee's observations, resort must be had to the Pennsylvania General Assembly, and not to this Court, for such relief. *See Martin v. Balis,* 18 Pa. D. & C. at 192; *In re Jackman's Estate,* 51 Pa. D. & C. 69, 73 (1944); *see also, Potomac Elec.*

---

4. A classic statement of the "case or controversy" doctrine is found in *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), wherein Chief Justice Hughes, writing for the Court, states:

A controversy in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised.... 300 U.S. at 240–41, 57 S.Ct. at 464 (citations omitted).

*Power Co. v. Director, Office of Workers' Comp. Programs, U.S. Dept. of Labor,* 449 U.S. 268, 283–84, 101 S.Ct. 509, 517–18, 66 L.Ed.2d 446 (1980).

Based on the foregoing, the Court concludes that the Trustee has failed to establish sufficient grounds on which to deny the Debtor's claim of exemption in insurance proceeds under 42 Pa.C.S.A. § 8124(c)(7). Fed. R.Bankr.P. 4003(c). Accordingly, the objection is denied and the exemption will be allowed. In light of the result reached herein, it is not necessary for the Court to give further consideration to the Debtor's alternative argument concerning hypothetical no-fault automobile insurance proceeds. An Order consistent with the foregoing findings of facts and conclusions of law will be entered.