### In re Kevin P. KOLLAR and Lori P. Kollar.

### CIV.A. No. 98–1908. Bankruptcy No. 96–32442.

United States District Court, E.D. Pennsylvania.

Aug. 7, 1998.

---

Ronald H. Beifeld, Fox & Fox, Norristown, PA, for Debtors.

Eric L. Frank, Miller, Frank & Miller, Mitchell W. Miller, Philadelphia, PA, for Chapter 7 Trustee.

Joseph Minni, Philadelphia, PA, for U.S. Trustee.

## ORDER—MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 7th day of August, 1998 upon appeal of appellant debtors Kevin P. Kollar and Lori P. Kollar, the Bankruptcy Court order of March 6, 1998 sustaining the objection to exemption of the Chapter 7 Trustee is affirmed.[1]

On December 23, 1996 appellant debtors filed a voluntary joint petition as husband and wife under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.* (1994).[2] Schedules B and C listed as an asset a personal injury claim—"Kollar v. Maiden Creek Appliance"—with a valuation of $150,000. No lawsuit had been instituted.[3] On July 7, 1997 debtors amended Schedules B and C to increase the value of the personal injury action to "$500,000 to $750,000." Amended Schedule C claimed the action to be exempt under 42 Pa.C.S.A. § 8124(c)(7);[4] and the trustee timely objected. Upon stipulated facts, the Bankruptcy Court sustained

---

1. On appeal, the Bankruptcy Court's conclusions of law are subject to plenary review. *See Chemetron Corp. v. Jones,* 72 F.3d 341, 345 (3d Cir. 1995), *cert. denied,* 517 U.S. 1137, 116 S.Ct. 1424, 134 L.Ed.2d 548 (1996).

2. On May 14, 1997 the Chapter 13 bankruptcy was converted to Chapter 7, 11 U.S.C. §§ 701 *et seq.* (1994).

3. On March 21, 1996—nine months prior to the filing of the bankruptcy petition—Kevin P. Kollar was injured in a fall while on the premises of

Maiden Creek TV & Appliances, in Blandon, Pennsylvania. On April 7, 1997—more than three months after the bankruptcy filing—debtors filed a personal injury action in Montgomery County Court of Common Pleas (Pa.), No. 97-6591. Defendant in that action is insured against public liability by Donegal Mutual Insurance Co. A trial is expected to occur in 1999. *See In re Kollar,* 218 B.R. 349, 350-51 (Bankr. E.D.Pa.1998).

4. Debtors elected state law exemptions under 11 U.S.C. § 522(b)(2)(A).

the objection on the ground that § 8124(c)(7) was inapplicable to an unliquidated and unlitigated tort claim. *In re Kollar,* 218 B.R. 349, 353 (Bankr.E.D.Pa.1998). Appellate jurisdiction: 28 U.S.C. § 158(a)(1).

 Claims to exempt property from a bankruptcy estate are to be determined as of the filing of the petition.[5] 11 U.S.C. § 522(a)(2), (b)(2)(A) (1994); *In re Sandoval,* 103 F.3d 20, 22 (5th Cir.1997). Appellants' theory is based on 42 Pa.C.S.A. § 8124(c)(7), which allows an exemption for "[t]he net amount payable under any accident or disability insurance." As the Bankruptcy Court noted, however, "[debtors'] interest in an unliquidated tort claim is distinct from an interest in insurance proceeds." 218 B.R. at 353. Under Pennsylvania law, a tort claimant is not a third-party beneficiary of an insurance contract between an a tortfeasor and its insurer and, absent a permissive statute[6] or policy provision, cannot maintain a direct action against the insurance company. *See Strutz v. State Farm Mutual Ins. Co.,* 415 Pa.Super. 371, 374, 609 A.2d 569, 570–71 (1992); *Fizz v. Kurtz, Dowd & Nuss, Inc.,* 360 Pa.Super. 151, 154–56, 519 A.2d 1037, 1039–40 (1987); *Philadelphia Forrest Hills Corp. v. Bituminous Cas. Corp.,* 208 Pa.Super. 461, 463, 222 A.2d 493, 494 (1966). Those exceptions are inapplicable here. *See* 218 B.R. at 353.

As of the date of the filing of their bankruptcy petition,[7] appellants had no legal entitlement under the alleged tortfeasor's insurance policy. That their tort claim may ultimately result in a settlement or money judgment in their favor does not affect the timing of the exemption determination.[8] *In re Peterson,* 897 F.2d 935, 937, 939 (8th Cir.1990) (only facts and law existing on the

date of bankruptcy filing are relevant to determining applicability of claimed exemption). No view is expressed on whether the exemption provided in 42 Pa.C.S.A. § 8124(c)(7) applies to a debtor's claim for proceeds payable under a tortfeasor's insurance policy—as opposed, for example, to the debtor's first party insurance benefits.

---

5. Appellants' brief concedes that, at the time of the filing of the petition, the tort claim was an asset of their bankrupt estate, 11 U.S.C. § 541 (1994). Brief, at 9.

6. For example, under 40 Pa.C.S.A. § 117, a tort claimant may bring a direct action against a tortfeasor's insurer when the tortfeasor is insolvent or bankrupt.

7. The conversion of the bankruptcy from Chapter 13 to 7 does not effect the exemption determination because (1) under 11 U.S.C. § 348(f)(1)(A),

the property of the estate in a converted case consists of the property in the estate at the time of initial filing; and (2) the tort claim was still unliquidated and unlitigated at the time of conversion.

8. *In re Lowenthal,* 203 B.R. 576 (Bankr.E.D.Pa. 1996), is not helpful. *Lowenthal* turned on an interpretation of 42 Pa.C.S.A. § 8124(c)(7) and did not consider the issue of when the validity of an exemption must be determined under the Bankruptcy Code.