OPINION OF THE COURT
 

 BECKER, Chief Judge.
 

 In this bankruptcy appeal, we must interpret a Pennsylvania statute that ex
 
 *177
 
 empts certain property from execution on liens or judgments to determine if appellants may exempt a potential tort judgment from their bankruptcy estate pursuant to § 522(b)(2)(A) of the Bankruptcy Code, which permits a debtor to utilize state exemptions. The provision of the state exemption statute at issue here provides that
 

 [t]he following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment: ...
 
 The net amount payable under any accident or disability insurance.
 

 42 Pa.Cons.Stat. § 8124(c)(7) (1998) (emphasis added). We conclude, as did the Bankruptcy Judge and the District Court, that this provision does not apply to the debtors’ prospective tort judgment, despite the fact that such a judgment might be paid by the tort defendant’s insurance carrier. Therefore, we affirm the District Court’s order affirming the Bankruptcy Judge’s order sustaining the objection to the exemption.
 

 I.
 
 Factual and Procedural Background
 

 A.
 
 The Tort Action and the Insurance Policy
 

 On March 21, 1996, appellant/debtor Kevin P. Kollar suffered injuries when he fell in an appliance store near Reading, Pennsylvania. On April 7, 1997, Kollar and his wife, Lori, filed a civil action against the appliance store in Pennsylvania state court,
 
 See Kollar v. Maiden Creek TV & Appliances,
 
 No. 97-06591 (Pa.C.P.Ct. [Montg. Co.] filed Apr. 7, 1997). In their complaint, the Kollars alleged personal injuries resulting from the store’s negligence and sought unspecified damages in excess of $50,000.
 
 [1]
 

 On the date on which Kollar’s injuries are alleged to have occurred, the appliance store maintained a business liability insur-anee policy, with a limit of $1,000,000 per occurrence. The policy obligates the insurance company to pay, inter alia, “those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury,’ ‘property damage,’ ‘personal injury’ or ‘advertising injury’ to which this insurance applies.” Donegal Ins. Pol’y ¶ A.l.a. In addition, the policy covers up to $5,000 of medical expenses for each person injured on the insured’s premises.
 
 See id.
 
 ¶ A.2.a. The policy and its declarations define the “insured” as Maiden-creek TV
 
 &
 
 Appliances Inc., its employees, and persons managing Maidencreek’s property.
 
 See id,
 
 ¶ C.l-2. Under the policy, persons other than the insured may sue the insurance company “to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial.”
 
 Id.
 
 ¶ E.4.
 

 B.
 
 The Bankruptcy Action
 

 On December 28, 1996, about nine months after Kollar’s accident at the appliance store, he and his wife filed the present bankruptcy petition under Chapter 13. On May 14, 1997, about a month after the tort action was filed in state court, the Kollars’ bankruptcy case was converted into a Chapter 7 proceeding. They then amended schedule B of their bankruptcy petition to include the personal injury action, which they valued at $500,000 to $750,000.
 
 See
 
 App. at A-15. The personal injury action was also listed as an exempt asset on the Kollars’ schedule C, under the provision of Pennsylvania law at issue in this appeal. The trustee objected to the exemption of the tort action, and the Bankruptcy Judge sustained this objection.
 
 See In re Kollar,
 
 218 B.R. 349 (Bankr.E.D.Pa.1998). After plenary review of the legal issue regarding interpretation and application of the Pennsylvania exemption, the District Court affirmed the Bankrupt
 
 *178
 
 cy Judge.
 
 See In re Kollar,
 
 223 B.R. 288 (E.D.Pa.1998). This appeal followed.
 
 [2]
 

 II.
 
 Discussion
 

 A.
 
 Background Bankruptcy Principles
 

 None of the facts of this case just recited are in dispute. We will therefore focus on the narrow legal issue dividing the parties. Under the bankruptcy laws, a bankruptcy estate encompasses a wide variety of assets.
 
 See
 
 11 U.S.C. § 541(a) (1994). It includes, with certain exceptions not relevant here, “all legal or equitable interests of the debtor in property as of the commencement of the case,”
 
 id.
 
 § 541(a)(1), as well as “[a]ny interest in property that the estate acquires after the commencement of the case,”
 
 id.
 
 § 541(a)(7). These provisions have been interpreted broadly, and include an interest in a cause of action.
 
 See Integrated Solutions, Inc. v. Service Support Specialties, Inc.,
 
 124 F.3d 487, 490 (3d Cir.1997) (“The Bankruptcy Code defines a bankrupt’s estate broadly to encompass all kinds of property, including intangibles and causes of action.”);
 
 see also
 
 H.R.Rep. No. 95-595, 95th Cong. 2nd Sess at 175-76 (1978),
 
 reprinted in
 
 1978 U.S.C.C.A.N. 5963, 6135-37 (noting that the new Bankruptcy Act defined the debtor’s estate to include “all interests, such as interests in real or personal property, tangible and intangible property, choses in action, causes of action”). The estate is determined at the time of the initial filing of the bankruptcy petition, and not at the time a Chapter 13 bankruptcy is converted to a Chapter 7 bankruptcy.
 
 See
 
 11 U.S.C. § 348(f)(1)(A) (1994).
 

 Once the estate is defined, however, the bankruptcy statute permits an individual debtor to exclude certain assets from the estate.
 
 See id.
 
 § 522(b). The debtor may choose to exempt those assets permitted by the statute itself,
 
 see id.
 
 § 522(d), or those assets exempted under state and local law,
 
 see id.
 
 § 522(b).
 
 [3]
 
 The Kollars chose the latter option. Therefore, they may exempt those assets that Pennsylvania law permits a debtor to keep beyond the reach of its creditors.
 
 [4]
 

 B.
 
 The Insurance Exemption
 

 The sole issue on this appeal is whether the Kollars’ potential tort judgment falls under one of the Pennsylvania exemptions. As an initial matter, we note the obvious. If Pennsylvania case law has definitively interpreted the relevant statutory provision and determined whether it applies to a case such as this, our task is
 
 *179
 
 simple: we apply the interpretation of state law by the state’s own courts. However, state case law on the provision at issue here is virtually nonexistent. Therefore, we look to the language of the entire exemption statute and to principles we can glean from that statute in order to predict how the Pennsylvania Supreme Court would interpret this provision.
 

 The relevant provision of state law is section 8124 of title 42 of the Pennsylvania Consolidated Statutes. That provision, titled “Exemption of particular property,” includes three categories of properties that are exempt from execution on a judgment or a lien, and concomitantly are exempt from a debtor’s Chapter 7 bankruptcy estate if the debtor chooses to assert state exemptions. The categories are “goods,” 42 Pa.Cons.Stat. § 8124(a),
 
 [5]
 
 “retirement funds and accounts,”
 
 id.
 
 § 8124(b),
 
 [6]
 
 and “insurance proceeds,”
 
 id.
 
 § 8124(c). The category at issue here is the final one, insurance proceeds.
 

 The Pennsylvania statute lists ten types of insurance proceeds that are exempt from execution. These include unemployment and workers’ compensation benefits, proceeds of group insurance policies, and amounts paid under certain life insurance policies. In addition, as noted above, the subsection of the statute relevant to the present appeal provides that:
 

 The following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment: ... The net amount payable under any accident or disability insurance.
 

 Id.
 
 § 8124(c)(7). The Kollars claim that, because any judgment that they receive in their tort action will be “derivative from the insurance proceeds of an accident or disability policy,” Appellants’ Br. at 16, their tort claim is covered by section 8124(c)(7) and is exempt from the bankruptcy estate. One bankruptcy court opinion supports them.
 
 See In re Lowenthal,
 
 203 B.R. 576 (Bankr.E.D.Pa.1996) (discussed
 
 infra
 
 note 10). The trustee disagrees. Like the Bankruptcy Judge and the District Court, we also disagree, and hold that Pennsylvania’s exemption statute does not exempt from a bankruptcy estate a tort claim, even one that might be paid by an insurance carrier. We find support for our holding on a number of levels.
 

 1.
 

 First and foremost, the exemption at issue here is an insurance exemption, not a personal injury or tort exemption. The Pennsylvania statute provides exemptions in three clearly delineated categories: goods, pensions, and insurance proceeds. The category at issue, insurance proceeds, includes a number of items that are paid directly to a debtor as a result of his or her own insurance coverage, including group or social insurance coverage (e.g., life insurance, fraternal society benefits, unemployment compensation). We can find no basis for concluding that the Pennsylvania legislature intended to add to this coherent category a wholly unrelated item — the proceeds of tort litigation — if such proceeds happened to be paid by the defendant’s insurance carrier. We note further that section 8124(c)(7) exempts amounts payable under “any accident or disability insurance.” The appliance store’s insurance policy, which the Kollars invoke as the basis for their exemption, arguably is not even an “accident or disability insurance” policy, but rather is a business liability policy. We need not belabor this distinction, however, as our conclusion would not change even if the policy in this case was more clearly an “accident or disability insurance” policy.
 

 It is instructive that the federal bankruptcy exemptions, as well as state exemptions in other jurisdictions, include not
 
 *180
 
 only insurance proceeds, but also rights arising from personal injuries or tort claims. For example, one of the federal exemptions allows a debtor to exempt his “right to receive, or property that is traceable to ... a payment, not to exceed $16,-150, on account of personal bodily injury ... of the debtor....” 11 U.S.C.A. § 522(d)(11)(D) (West 1993 & Supp.1999);
 
 see also, e.g.,
 
 Idaho Code § 11 — 604(1)(c) (1998) (exempting, to the extent necessary for support of one’s family, “proceeds of insurance, a judgment, or a settlement, or other rights accruing as a result of bodily injury of the individual”). The Kollars may have had, at the time they filed their bankruptcy petition, the “right to receive ... a payment ... on account of personal bodily injury,” resulting from Mr. Kollar’s accident at the appliance store.
 
 See In re Chavis,
 
 207 B.R. 845, 849 (Bankr.W.D.Pa.1997) (noting that the § 522(d)(11)(D) exemption is available regardless of the source of the funds received for “personal bodily injury”). Therefore, if the Kollars had chosen to assert exemptions under § 522(d), they could have exempted from the bankruptcy estate up to $16,150 of the proceeds that they eventually might receive in their state cause of action against the appliance store.
 

 This they did not do.
 
 [7]
 
 Rather, they chose to proceed under the state exemptions, which include no general exemption for “bodily injury” or for “tort claims,” but limit exemptions to certain goods, pensions, and insurance proceeds.
 
 [8]
 
 Unlike the federal statute and state statutes such as Idaho’s, Pennsylvania’s statute exempts funds received on account of the debtor’s bodily injuries
 
 only
 
 if these funds came from an accident or disability insurance policy (or from certain social insurance programs such as workers’ compensation).
 
 [9]
 

 This is evident not only from the context we h^ve described, but also from the relevant language in the exemption statute, which is “net amount payable under,” not “payable pursuant to” or “payable by.” While this may appear to be a technical distinction, we think that it is an important one. The Kollars had no right, either at the point they filed their bankruptcy petiT tion or at any point thereafter, to net proceeds paid “under” an insurance policy. Rather, any amount that they eventually receive will be paid either by the appliance store itself (clearly making the exemption inapplicable) or
 
 by
 
 its insurance company
 
 pursuant
 
 to its policy. Amounts paid
 
 under
 
 the policy are paid to the insured, i .e., the appliance store, and not to objects of the store’s negligence.
 

 2.
 

 Second, the insurance proceeds that are exempt under the Pennsylvania statute must be “property or other rights of the judgment debtor.” 42 Pa.Cons.Stat. § 8124(c). At the time the Kollars filed their bankruptcy petition (and even at the time of the conversion to Chapter 7), they
 
 *181
 
 had no relevant “property or other rights” in insurance proceeds. While they may have had rights in a chose of action, they had at most an expectation that, if they prevailed in their tort claim and if the defendant sought to have its insurance carrier pay the judgment and if the claim fell within the terms of the policy, they would receive proceeds paid by another party’s liability insurance policy.
 

 Looking to Pennsylvania law, as we must in interpreting its statutes, it is clear that the Kollars had no “property or other rights” in proceeds of the appliance store’s insurance policy. Under Pennsylvania law, “in the absence of a statute or a policy provision on which such right may be predicated, a person may not maintain a suit directly against [an] insurer to recover on a judgment rendered against the insured.”
 
 Philadelphia Forrest Hills Corp. v. Bituminous Cas. Corp.,
 
 208 Pa.Super. 461, 222 A.2d 493, 494 (1966);
 
 see also Apalucci v. Agora Syndicate, Inc.,
 
 145 F.3d 630, 632 (3d Cir.1998) (“It is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right.”);
 
 Strutz v. State Farm Mut. Ins. Co.,
 
 415 Pa.Super. 371, 609 A.2d 569, 570 (1992) (rejecting an argument' that persons injured in a car accident are third-party beneficiaries of the other driver’s insurance policy and therefore could bring an action directly against the other driver’s insurance company).
 

 As the Pennsylvania Supreme Court has noted, there is only one statute in Pennsylvania that allows a third party to bring a direct action against an insurer for a claim arising out of the actions of the insured.
 
 See Johnson v. Beane,
 
 541 Pa. 449, 664 A.2d 96, 99 n. 3 (1995). That statute, Pa.Stat.Ann. tit. 40, § 117 (West 1992), prevents insurers in Pennsylvania from avoiding their obligations under an insurance policy on the basis of the insured’s insolvency. There are at least six elements required for a direct claim against an insurance company pursuant to section 117: (1) the insured is insolvent; (2) an accident or other covered event has occurred; (3) the insured is liable for the accident; (4) a judgment has been entered against the insured; (5) the third party has unsuccessfully sought to execute the judgment against the insured; and (6) the insurance company is a liability insurer for the insolvent insured.
 
 See id.
 
 Only the second element is clearly present here, though the Kollars have alleged that the third and sixth elements are also present. They concede that the other three elements have not been met, and the key one — the insolvency of the insured — is not even alleged to be a likely result of the Kollars successfully prosecuting their tort claim. ‘
 

 Therefore, the liability insurance policy that allegedly provides the basis for the Kollars’ exemption is not a “property or other right[ ]” of the debtor. We reiterate an important distinction: the Kollars may well have “property or other rights” arising out of the mishap that took place at the appliance store, in the form of a chose in action. However, what they do not have is “property or other rights” in the proceeds of an insurance policy, which is what section 8124(c) covers.
 
 Cf. Cudeyro,
 
 213 B.R. at 919 n. 13 (noting that a property interest in a prepetition tort claim that is part of a bankruptcy estate “is distinct from an interest in insurance proceeds” that may be used by the tort defendant to pay a settlement of the tort claim).
 

 Finally, while we need not decide the issue in this case, we doubt that the provision at issue here would be available even if the conditions in section 117 were met prior to the Kollars’ filing of their bankruptcy petition. As we noted
 
 supra
 
 Part II.B.l, the provision under which the Kol-lars seek to shelter their potential tort judgment protects debtors who have a right to accident or disability insurance proceeds. We doubt that the Pennsylvania legislature intended to include within this category of first-party benefits a stat
 
 *182
 
 utory or contractual right to collect a tort judgment from a tortfeasor’s insurer carrier, which is akin to a third-party benefit.
 
 Cf. Barnes v. Cohen,
 
 749 F.2d 1009, 1011, 1017 n. 5 (3d Cir.1984) (noting, in the context of determining “whether personal injury damage awards or settlements are included in the definition of ‘lump-sum income’” for purposes of AFDC benefits, that “the inclusion of ‘insurance benefits’ in the statute ... should not be seen as referring to insurance payments in settlement of personal injury damage claims, but rather to insurance benefits, such as life insurance proceeds”).
 

 3.
 

 Third, we believe that it is illogical (as well as potentially disruptive of the bankruptcy process) for the right to an exemption under state law to turn on the possibility that a putative tort judgment will be paid by a defendant’s insurance carrier. For one, we can find no indication that the Pennsylvania legislature intended a debt- or’s exemptions to turn on the fortuity of whether a tortfeasor who injures the debt- or happens to have insurance coverage. If we were to accept the Kollars’ argument, they could avail themselves of the section 8124(c)(7) exemption, while other debtors in the exact same position could not do so if they were injured by a tortfeasor without insurance coverage. Given the language and context of the insurance provision, we cannot conclude that Pennsylvania has created an exemption whose availability turns on whether a tort victim will be reimbursed from the wrongdoer’s own bank account or from an insurer’s.
 

 Further, under the Kollars’ theory, a tort defendant apparently can defeat the exemption by deciding to pay any judgment out of its own pocket, even if it has insurance coverage. At the time the exemption is claimed, even assuming the tort action has been filed (which was not the case here), there is no way of knowing whether the tort defendant will pay an eventual judgment by making a claim on its liability insurer or by dipping into its own funds. This uncertainty makes it even more inappropriate to label the tort plaintiffs right as one to “insurance proceeds.”
 

 4.
 

 We believe that the factors we have outlined above inexorably lead to the conclusion that the Kollars may not avail themselves of section 8124(c)(7) in order to exempt an eventual judgment in their state tort action from the bankruptcy estate. We note that one bankruptcy court within our circuit has interpreted section 8124(c)(7) to apply to a tort judgment paid by the defendant’s insurer.
 
 See In re Lowenthal,
 
 203 B.R. 576, 581 (Bankr.E.D.Pa.1996) (citing the “plain and direct” language of the state statute). As we explain in the margin,
 
 Lowenthal
 
 erred because it did not adequately consider the details of section 8124(c)(7) that make the exemption inapplicable to a tort victim who might recover from a wrongdoer with liability insurance.
 
 [10]
 

 
 *183
 
 We therefore will affirm the District Court order affirming the Bankruptcy Judge’s order sustaining the objection to the debtors’ exemption in this case.
 

 [1]
 

 . Under Pennsylvania civil pleading rules, a complaint may not specify the amount of un-liquidated damages that a plaintiff seeks, but must state whether or not the damages sought "exceed the jurisdictional amount requiring arbitration referral by local rule.” Pa.R.Civ.P. 1021(b), (c).
 

 [2]
 

 . The Bankruptcy Judge had jurisdiction pursuant to 28 U.S.C. § 157(a), (b)(2)(B). The District Court had jurisdiction under 28 U.S.C. § 158(a) to hear the appeal from the Bankruptcy Judge’s decision sustaining the trustee’s objection. We have jurisdiction to hear this appeal under 28 U.S.C. § 158(d). Our review of the District Court’s interpretation of a state statute and that statute's application in a bankruptcy proceeding is plenary.
 
 See In re Trans World Airlines, Inc.,
 
 145 F.3d 124, 130-31 (3d Cir.1998).
 

 [3]
 

 . The bankruptcy statute allows states to opt out of the federal exemptions,
 
 see
 
 11 U.S.C. § 522(b)(1), requiring a debtor to choose the state exemptions. Pennsylvania has not done so, giving the Kollars the choice of either state exemptions or federal exemptions under § 522(d).
 

 [4]
 

 . In a conversion case such as this, the statute does not specify whether the exemptions are to be determined at the time of the initial Chapter 13 bankruptcy filing or at the time of conversion to Chapter 7. However, for the sake of determining this appeal, we need not reach this issue. Whether the Kollars’ exemptions are determined as of December 23, 1996, the date of their initial filing, or as of May 14, 1997, the date their case was converted to a Chapter 7 bankruptcy, we find that the exemption they seek is not available to them. The District Court apparently reached this same conclusion. Although it held that "[c]laims to exempt property from a bankruptcy estate are to be determined as of the filing of the petition,”
 
 Kollar,
 
 223 B.R. at 290, it went on to note that the "conversion of the bankruptcy from Chapter 13 to 7 does not [affect] the exemption determination because ... the tort claim was still unliquidated and unlitigated at the time of conversion.”
 
 Id.
 
 at 290 n. 7.
 

 [5]
 

 . Exempted goods include such items as clothes, bibles, and school books.
 

 [6]
 

 . Retirement funds and accounts include pensions from public or private employment, and distributions from deferred compensation programs.
 

 [7]
 

 . Obviously, the Kollars are hoping for a recovery far in excess of $16,150, and hence decided to take their chances on securing the state exemption that would, if it applied, exempt their entire recovery.
 

 [8]
 

 . The federal exemptions in § 522(d) include a group similar to those provided in section 8124(c) of the Pennsylvania statute.
 
 See
 
 11 U.S.C. § 522(d)(10) (listing exemptions for a number of "benefits,'' including social security, welfare, and "disability, illness, or unemployment benefit[s]”). Therefore, both the federal statute (in § 522(d)(10)) and the state statute (in section 8124(c)) exempt all amounts paid under a debtor’s accident or disability insurance, while the federal statute, but not the state one, also exempts amounts paid for injuries from any source (up to $16,-150).
 

 [9]
 

 .We express no view on whether the Kollars may amend their petition in order to seek federal, and not state, exemptions.
 
 See
 
 Fed.R.Bankr.P. 1009(a);
 
 In re Van Nostrand,
 
 183 B.R. 82, 86-87 (Bankr.D.N.J.1995) (noting that debtors could amend bankruptcy schedules to choose state rather than federal exemptions);
 
 cf. In re Cudeyro,
 
 213 B.R. 910, 916 (Bankr.E.D.Pa.1997) (noting that all circuit courts to address the issue have denied amendments to exemptions if an objector could show bad faith or prejudice).
 

 [10]
 

 . In
 
 Lowenthal,
 
 as in the present case, no tort judgment (and consequently no claim against the insurer) existed at the time of the bankruptcy petition filing. More importantly, even after the tort judgment was entered in the debtor's favor, the tortfeasor’s insurance company "paid to the Debtor and his wife the sum of $70,000
 
 pursuant to its obligations under [the tortfeasor’s] policy,”
 
 not under an accident or disability policy of Lowenthal's.
 
 See Lowenthal,
 
 203 B.R. at 579 (emphasis added). The
 
 Lowenthal
 
 court’s fundamental error was to narrowly focus on the fact that "the source of the payment ... is an accident insurance policy,”
 
 id.
 
 at 582, ignoring the requirement that the exempted insurance proceeds be "property or other rights of the judgment debtor.” The
 
 Lowenthal
 
 court, in “liberally construing]” the Pennsylvania statute to effectuate a supposed legislative preference for exemptions,
 
 id.
 
 at 583, neglected to consider the clear limitations of the Pennsylvania statute, and expanded the scope of the exemption beyond what we believe the legislature intended.
 
 Cf. In re Barshak,
 
 106 F.3d 501, 506 (3d Cir.1997) (“We are not free to ignore the clear language of a Pennsylvania statute merely because by rewriting the stat
 
 *183
 
 ute we arguably would act consistently with a legislative policy.").